194 So.2d 291 (1967)
Joseph Raymond MARTIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-220.
District Court of Appeal of Florida. Third District.
January 31, 1967.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Barry N. Semet, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSO and CARROLL, JJ.
PER CURIAM.
The defendant was charged by information with the crime of robbery. Following a jury verdict of guilty, the defendant was adjudged guilty and sentenced to ten years in the state penitentiary.
On September 13, 1965, several Negro males committed a robbery of a grocery store in Miami, Florida. Sgt. William Kimbro of the Dade County Sheriff's office was assigned to the investigation of the robbery. At approximately 8-9 P.M. on September 15, an informant told Sgt. Kimbro that the defendant and two Negro *292 males had committed the robbery in question. Sgt. Kimbro had known the informant for almost a year, but had never used the informant on any other prior occasion. The informant had a criminal record for pandering. The informant stated that the defendant had told him about the robbery and had shown him the handcuffs and a badge he had worn during the robbery. The informant then pointed out the house where the defendant lived.
After driving the informant home, Sgt. Kimbro placed the defendant's home under surveillance. At approximately 11:00 P.M. the defendant returned home and was placed under arrest for suspicion of armed robbery. A search of his person revealed a .45 automatic pistol. The defendant was taken to the Dade County Sheriff's office where he made a statement confessing to his participation in the robbery.
At trial, a motion to suppress the written statement taken from the defendant was denied. The defense in the case was that the defendant was coerced into participating in the robbery by the other men. Defendant testified that these men had threatened his life if he didn't help them commit the robbery and that he went along with them against his will.
On appeal, it is contended that the written confession was inadmissible in evidence as it was the fruit of an unlawful arrest of the defendant based on the uncorroborated hearsay accusations from an unnamed informer of unknown and untested reliability.
An officer may arrest a person without a warrant when a felony has in fact been committed and he has reasonable ground to believe that the person to be arrested has committed it.[1] In determining whether there existed reasonable ground to believe that the person to be arrested has committed the felony, sufficiency of knowledge by the arresting officer must be determined. "This should be done, not by analyzing the effect of each known circumstance in isolation, but by a conclusion of what a reasonable man, knowing all the facts within the cognizance of the officer, would have believed under all the circumstances."[2]
The informant used by Sgt. Kimbro was of untested and unknown reliability as he had never previously been used by Sgt. Kimbro. However, Sgt. Kimbro had knowledge of independent facts which corroborated the information given by the informant. The sergeant had been assigned to investigate this robbery and had interviewed the victims prior to arresting the defendant. He obtained a description of the robbers from the victims, one of which was consistent with the man identified by the informant. Further, the victims knew as they so testified at the trial, that one of the robbers had handcuffs hanging from his belt and wore a badge. The informant told Sgt. Kimbro that the defendant showed him the handcuffs and badge which he wore during the robbery.
Under the facts and circumstances here, we conclude that the arresting officer, Sgt. Kimbro, had reasonable ground to believe that the defendant had committed the robbery.
During the trial Sgt. Kimbro testified that he received information that the defendant was part of a holdup group. An objection to this was sustained. However, a motion for mistrial was overruled.
The defendant contends that this was so prejudicial that a mistrial should have been granted. It is argued that this testimony obviously constituted an attack on the defendant's character which had not been made an issue and seriously reflected on the defendant's defense that he had been coerced into participating in the robbery.
In his confession, the defendant stated that he had previously been on two robberies *293 with the same men who committed the robberies in this case. In view of this and the fact that the objection to the hearsay statement's admissibility was sustained, we cannot say that the statement was so prejudicial that the trial judge abused his discretion in refusing to grant a mistrial.
Having found no reversible error the judgment appealed is affirmed.
Affirmed.
NOTES
[1] Section 901.15(2) Fla. Stat., F.S.A.
[2] Range v. State, Fla.App. 1963, 156 So.2d 534.