212 So.2d 21 (1968)
Leonard FELDMAN and Paul Castillo, Appellants,
v.
The STATE of Florida, Appellee.
No. 67-667.
District Court of Appeal of Florida. Third District.
July 2, 1968.
Rehearing Denied July 26, 1968.
*22 Milton E. Grusmark and Natalie Baskin, Miami Beach, Barry L. Garber, Angus M. Stephens, Jr., Miami, for appellants.
Earl Faircloth, Atty. Gen. and Harold Mendelow, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellants, Leonard Feldman and Paul Castillo, were jointly charged and convicted of robbery. Each was sentenced to a term of 50 years in the state penitentiary.
Appellants seek reversal of the judgments and sentences on numerous grounds. One of appellants' contentions is that the trial court erred in impaneling a jury when it (1) proceeded with impaneling a jury over objections of the defendant before the sheriff's returns were filed; (2) refused the defendants ten peremptory challenges from the special panel of jurors; (3) used talesmen from the first panel before the second panel was exhausted and refused to excuse a venireman for cause.
The record shows that the jury panel was exhausted with the close of the first day of the trial. The next morning the court announced that during the night he and the sheriff had selected additional persons to form the panel and that these persons were now in court. The defendants asked if the sheriff's returns had been filed and learned that they had not. The defendants objected to the impaneling of the jury before the returns had been filed. The objection was overruled at that point and at numerous other stages of the trial when the objection was reasserted.
We have considered appellants' objections to the procedure followed during the impaneling and selecting of the jurors and find no reversible error. It does not appear that the special venire used over the objection of defendants was not legally formed, or that any of the jurors taken from it were improper jurors, or that the defendants exhausted their peremptory challenges and were obliged to take an objectionable juror because they had no further peremptory challenges. Bailey v. State, 155 Fla. 597, 21 So.2d 217; Penton v. State, 64 Fla. 411, 60 So. 343; McRae v. State, 62 Fla. 74, 57 So. 348; §§ 932.22, 40.23, Fla. Stat., F.S.A.
Appellants' second point presents for our determination the propriety of the court's denial of appellants' motion for mistrial which was raised when reference was made by the prosecutor and a witness to the beating given to the parents of the victim by the defendants when they entered the victim's room immediately subsequent to the robbery. Appellants argue that such evidence was highly prejudicial and unrelated to the proof of the crime, and, therefore, inadmissible. We can not agree.
We think that the assault on the victim's mother and father immediately following the robbery has a connection with the crime for which the defendants were being tried. It was necessary for these facts to be related, in order for the victim to give an intelligent account of the crime. Williams v. State, Fla. 1959, 110 So.2d 654; Nickels v. State, 90 Fla. 659, 106 So. 479; Green v. State, Fla.App. 1966, 190 So.2d 42.
We have considered all of appellants' points and contentions in the light of the record, briefs and argument of counsel, and have found no reversible error. See: Sears v. United States, 265 F.2d 301 (5th Cir.1959); Child v. Wainwright, Fla. 1963, 148 So.2d 526; *23 Farrior v. State, Fla. 1954, 76 So.2d 148; Martin v. State, Fla.App. 1967, 194 So.2d 291; Brown v. State, Fla.App. 1966, 192 So.2d 794; Clark v. State, Fla. App. 1965, 176 So.2d 353; Simpson v. State, Fla.App. 1964, 164 So.2d 224; Miller v. State, Fla.App. 1961, 134 So.2d 513; § 917.01, Fla. Stat., F.S.A.; and § 920.02(3), Fla. Stat., F.S.A. Accordingly, the judgments and sentences are affirmed.
Affirmed.