228 So.2d 294 (1969)
Keith Valjene STUNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 69-307.
District Court of Appeal of Florida. Third District.
November 12, 1969.
Rehearing Denied December 10, 1969.
Meyer, Weiss, Rose & Arkin, and William E. Shockett, Miami Beach, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The appellant seeks review of his conviction, pursuant to a nonjury trial finding him guilty of unlawful possession and sale of marijuana. The appellant has preserved two points on appeal: (1) Alleged error in the admission into evidence of two matchboxes of marijuana, when the State failed to establish by live witnesses the continuous possession of the contraband from the time of its sale until the time of its introduction into evidence. (2) The sufficiency of the evidence to support the conviction. We affirm.
It is true that the record fails to reveal evidence by live witnesses as to who had in their possession or control the contraband involved from the time of its sale until the time of its introduction into evidence. However, it appears from the authorities cited that the test is whether or not there is an indication of probable tampering with the evidence. In this connection, see the following: Gallego v. United States, Ct. of App. 9th Cir.1960, 276 F.2d 914; State v. Anderson, 242 Or. 368, 409 P.2d 681. It is clear from the record that the whereabouts of the contraband was fully explained at all times from the incident of the sale until introduction into evidence. The continuous whereabouts of the contraband was amply supported by the State's witnesses and it was within the power of the trial judge to permit it into evidence. State v. Robinson, 203 Kan. 304, 454 P.2d 527; Oliver v. State, S.Ct.Nev. 1969, 449 P.2d 252; Hilliard v. State, 170 Tex.Cr.R. 290, 340 S.W.2d 494.
As to the sufficiency of the evidence, a review of the record reveals substantial competent evidence which, together with the reasonable inferences therefrom, were sufficient to support the conviction on the charges as made. Therefore, it should be affirmed.
Affirmed.