275 So.2d 34 (1973)
Richard BERNARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1017.
District Court of Appeal of Florida, Third District.
March 20, 1973.
Rehearing Denied April 6, 1973.
*35 Huysman, Engel & Gold, Coral Gables, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen. and Sheridan Weinstein, Legal Intern, for appellee.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
The defendant appeals his conviction for violation of § 398.03 Fla. Stat., F.S.A., the uniform narcotic drug law, for which he was sentenced to eighteen months, less jail time served. On consideration of the record, briefs, and argument, we hold no reversible error has been shown.
The appellant claims it was error to admit the narcotic drug into evidence over defendant's objection, contending the state failed to establish the continuous possession of the contraband from the time of its purchase by the undercover police officer until it was offered in evidence. That position of the appellant is not supported by the record. The test is whether or not there was indication of probable tampering with the evidence. In the circumstances shown the evidence was admissible. Stunson v. State, Fla.App. 1969, 228 So.2d 294; Stevens v. State, Fla.App. 1971, 245 So.2d 92. Appellant's contention of insufficiency of the evidence is without merit. The record reveals there was substantial competent evidence to support the judgment.
Affirmed.