312 So.2d 217 (1975)
Fred A. FREDERIKSEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1296.
District Court of Appeal of Florida, Third District.
May 6, 1975.
*218 Phillip A. Hubbart, Public Defender, and Paul Morris, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita Esquiroz, Asst. Atty., Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant, Fred A. Frederiksen, seeks review of a judgment of conviction entered pursuant to a jury verdict finding him guilty of the crime of possession of a controlled substance (heroin). A sentence of five years confinement in the state penitentiary followed. We affirm.
One of defendant's contentions on appeal is that the trial court admitted into evidence over objection the packets of heroin.
Defendant Frederiksen argues that there was an indication of probable tampering with the heroin in that 56 packets of heroin were introduced into evidence at the time of trial whereas the arresting officers testified that they seized 57 packets thereof at the time of defendant's arrest. Also, there was some seemingly inconsistent testimony as to the color of the heroin, white or brown. Nevertheless, during the trial this color discrepancy was explained adequately by the prosecution. The State further established the continuous possession of the contraband from time it was seized by the arresting officers until it was introduced into evidence. We conclude, therefore, that there was no evidence of probable tampering with the heroin packets and the trial judge did not abuse his discretion in permitting them to be admitted into evidence. Thus, this point of appellant must fail. See Stunson v. State, Fla.App. 1969, 228 So.2d 294; Stevens v. State, Fla.App. 1971, 245 So.2d 92; Bernard v. State, Fla. App. 1973, 275 So.2d 34.
Defendant also urges as reversible error the admission of testimony concerning a collateral crime. We cannot agree.
This point is presented as a result of the testimony of Gary Brown, the driver of a delivery truck. Brown testified that he noticed two males following him as he stopped to make a delivery. Upon returning to his truck after making the delivery Brown noticed that two shoes boxes were missing. He called the police and gave the two investigating officers a description of the two males and indicated the direction in which they fled. The officers proceeded to a near-by motel and spotted the defendant, who met Brown's description, walking toward them. The police officers ordered the defendant to halt. Instead, defendant turned and ran into the motel room where the officers apprehended him as he was pulling his hand out from under the bed mattress. One of the officers lifted the mattress and discovered a box containing several tin foil packets which later were identified as containing heroin. The theft of the shoe boxes had a connection with the crime for which defendant Frederiksen was being tried as the two crimes were part of the same sequence of events and the testimony with respect to the theft, as admitted, was necessary to give a complete and intelligent account of the crime charged. See Horner v. State, Fla.App. 1963, 149 So.2d 863; Feldman v. State, Fla.App. 1968, 212 So.2d 21.
*219 In addition, we examined defendant's remaining point on appeal in light of controlling principle of law and have determined that no reversible error has been made to appear.
For the reasons cited hereinabove, the judgment and conviction appealed are affirmed.
Affirmed.