344 So.2d 621 (1977)
Edward GIBBS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-726.
District Court of Appeal of Florida, Third District.
April 12, 1977.
*622 Bennett H. Brummer, Public Defender and Julian S. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant, Edward Gibbs, was charged in 1976 with robbery and assault with intent to commit murder in the first degree. Gibbs pled not guilty and at the onset of the trial withdrew his not guilty plea and entered a plea of nolo contendere, specifically reserving appellate rights concerning denial of his pre-trial motion to suppress.
Defendant was sentenced on the robbery and assault charges. In addition, Gibbs was found guilty and sentenced for violation of the probation he was serving as a result of a sentence imposed on him in 1971 for committing an assault with intent to commit murder in the first degree.
By this appeal, Gibbs contends that the trial court erred in denying his motion to suppress a witness' in-court identification of the defendant based on improper pre-trial photographs and lineup identification. Defendant also questions the denial by the court of his motion to suppress his confession on the ground that the State did not prove that it was voluntary. Gibbs finally urges that the trial court erred in revoking his probation, because initially the 1971 sentence of one year in the county jail and five years probation was illegal.
In reviewing the record, we have considered the likelihood of misidentification in light of the opportunity of the witness to view the defendant at the time of the crime, the accuracy of the witness' prior description of the defendant, the level of certainty demonstrated by the witness at the confrontation and all other factors bearing on identification. We find that the trial court's conclusions that the pre-trial identifications were reliable are amply supported by the record.
In considering defendant's next contention, we find substantial competent evidence to support the trial court's determination that defendant was advised of his constitutional rights and that thereafter, his written and oral confessions were freely and voluntarily made. Moreover, since the defendant's convictions need not be dependent on the inculpatory statements objected to by him, he has no remedy on appeal after a plea of nolo contendere. Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976).
*623 Defendant's last point challenging the sentence imposed upon revocation of his probation is without merit. See State v. Jones, 327 So.2d 18, 24 (Fla. 1976).
The convictions and sentences are therefore affirmed. Affirmed.