KEHOE, Judge.
Appellant, defendant below, brings this appeal from a judgment of conviction entered after a plea of nolo contendere to the charge of sale of cannabis. Pursuant to the judgment, appellant was sentenced to 18 months imprisonment to be followed by 3V2 years probation. Appellant’s primary point on appeal is that the trial court deprived him of due process of law by imposing the sentence in a mechanistic, non-individualized manner which eliminated a consideration of probation. Appellant further contends that the trial court improperly relied upon appellant’s refusal to cooperate, by naming his supplier, as a basis for the sentence imposed. We have considered all of appellant’s points in the light of the record and the applicable law, and have concluded that no reversible error has been shown; therefore, the judgment of conviction and sentence appealed are affirmed.
Appellant was charged by information in the circuit court with three counts as follows: (I) sale of cannabis, (II) possession of cannabis, and (III) conspiracy to sell cannabis. During the pendency' of the cause, efforts at plea negotiations took place in the trial judge’s chambers between appellant and appellee, in the presence of the trial judge. In this informal setting and during the plea negotiations, the trial judge indicated that he thought the sale of approximately 250 pounds of cannabis warranted the imposition of a sentence for at least a year in jail. Thereafter, appellant filed a motion to transfer or recuse which the trial court denied. Subsequently, a plea of nolo contendere was entered as to Count I of the information with the understanding that appellant was thereby reserving his right to appeal from the denial of the motion to transfer or recuse. The trial court accepted the plea as tendered. Following a presentence investigation, appellant appeared before the trial court on October 29, *1221 1976, for sentencing and was adjudicated guilty of the sale of cannabis and sentenced to imprisonment for a term of 18 months to be followed by probation of 3V2 years. From this judgment and sentence, appellant appeals.
Appellant contends (1) that he was effectively deprived of due process of law as guaranteed by the United States Constitution by the trial judge imposing a mechanistic, non-individualized sentence which eliminated a consideration of probation, and (2) that the trial judge improperly relied upon appellant’s refusal to cooperate, by failing to disclose the name of his supplier, as a basis for sentencing.
Upon initial impression, it would appear that appellant’s first point on appeal would be disposed of by Tiller v. State, 330 So.2d 792 (Fla.1st DCA 1976), and Gibbs v. State, 344 So.2d 621 (Fla.3d DCA 1977), because the point reserved for appeal, during appellant’s plea of nolo contendere, would not be dispositive of the case, but instead would require this court to render merely an advisory opinion; however, we feel a fair reading of the appeal papers and the record indicates that this point should be treated as an appeal pursuant to Section 924.06, Florida Statutes (1975), i. e., in effect we will review the judicial process by which the sentence was imposed to determine its legality. Accordingly, we have carefully reviewed the record and considered the arguments of counsel, and have concluded that the trial judge, under the totality of the circumstances, did not impose the sentence in such a mechanistic or non-individualized manner as to be illegal. Further, we have considered appellant’s second point on appeal and, likewise, conclude that it is without merit. See, e. g., Simmons v. State, 236 So.2d 147 (Fla.3d DCA 1970); Johnson v. State, 225 So.2d 440 (Fla.1st DCA 1969); Zide v. State, 225 So.2d 349 (Fla.1st DCA 1969), and Wright v. State, 182 So.2d 264 (Fla.3d DCA 1966). Therefore, the final judgment and sentence appealed are affirmed.
Affirmed.