370 So.2d 1191 (1979)
Jimmy Lee ASHLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1542.
District Court of Appeal of Florida, Third District.
May 1, 1979.
Rehearing Denied June 8, 1979.
*1193 Bennett H. Brummer, Public Defender and Edward J. O'Donnell and John Lipinski, Special Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and James H. Greason, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
The defendant was charged with (1) involuntary sexual battery, (2) burglary, (3) robbery, and (4) unlawful possession of a firearm while engaged in a criminal offense. After a jury trial, the defendant was found guilty of each of the charges and was sentenced as follows: Count 1 (involuntary sexual battery), life imprisonment, with the provision that he be "required to serve no less than TWENTY-FIVE (25) CALENDAR YEARS before becoming eligible for Parole;" Count 2 (burglary), life imprisonment with the provision that he be "required to serve no less than TWENTY-FIVE (25) CALENDAR YEARS before becoming eligible for parole;" Count 3 (robbery), life imprisonment with the provision that he be "required to serve no less than TWENTY-FIVE (25) CALENDAR YEARS before becoming eligible for Parole;" and Count 4 (unlawful possession of a firearm while engaged in a criminal offense), fifteen years imprisonment with the provision that he not be eligible for parole until he has "served THREE (3) CALENDAR YEARS, pursuant to Section 775.087(2) of the Florida Statutes."
The first two points raised on appeal are directed to the sentences imposed. With regard to Counts 1, 2 and 3, it is urged that Section 775.082(1), Florida Statutes (1977), provides for a term of life imprisonment with the requirement that the defendant serve twenty-five years before becoming eligible for parole when the defendant is convicted of a capital felony. In the present case, the defendant's conviction for involuntary sexual battery, burglary and robbery could have been punished by a maximum sentence of life imprisonment, but there is no provision for a life felony to carry with it the requirement of serving twenty-five years before becoming eligible for parole. The State concedes error in the sentencing of Counts 1, 2 and 3 and suggests that the twenty-five year maximum sentence requirements imposed under these are excessive only to the extent that they exceed the statutory three-year provision under Section 775.087(2), Florida Statutes (1977). This court is not inclined to revise these sentences inasmuch as our prerogative on appeal is to determine only the legality of the sentences. See La Barbera v. State, 63 So.2d 654 (Fla. 1953). We will, therefore, reverse the sentences imposed under these counts and remand the cause to the trial court for resentencing according to the provisions of the statute.
The second point on appeal urges that the three-year mandatory provision of the sentence on Count 4 (unlawful possession of a firearm while engaged in a criminal offense) is not authorized because the crime involved is not one of those for which a minimum three-year sentence is established by Section 775.087(2), Florida Statutes *1194 (1977). The State argues that because the defendant was found guilty of sexual battery which is one of the charges upon which he could have been given a three-year mandatory sentence, therefore, the imposition of the three-year mandatory sentence on Count 4 was harmless. We cannot agree, and inasmuch as the cause will be remanded for resentencing under Counts 1, 2 and 3, we hereby strike the unauthorized portion of the sentence on Count 4, that is, the provision that the defendant "not be eligible for parole until you [the defendant] have served THREE (3) CALENDAR YEARS, pursuant to Section 775.087(2) of the Florida Statutes."
The third point on appeal challenges the sufficiency of the evidence presented to prove sexual battery. The defendant urges that the evidence does not show "penetration" or "union" as provided by the statute. Our examination of the evidence in the light of this point convinces us that there was sufficient evidence to prove "penetration." See Williams v. State, 53 Fla. 84, 43 So. 431 (1907). Also, it is clear that there was "union" of the sexual organs as required by the statute. See § 794.011, Fla. Stat. (1977).
The fourth point on appeal urges reversible error because of the trial court's refusal to discharge a juror on challenge for cause. The question of the competency of a challenged juror is one of mixed law and fact to be determined by the trial judge in his discretion, and his decision will not be disturbed unless error is manifest. Singer v. State, 109 So.2d 7, 22 (Fla. 1959). The record reveals testimony which is sufficient to sustain the trial court's determination that the challenged juror could render a fair and impartial verdict despite her antipathy to the heinous nature of the crime. Cf. Singer v. State, supra. Therefore, we find no error under this point.
The fifth point on appeal urges error because of the denial of various motions for mistrial. No error was presented. See Johnsen v. State, 332 So.2d 69 (Fla. 1976); and Oliva v. State, 346 So.2d 1066 (Fla. 3d DCA 1977). On the separate ground that one of the comments objected to was invited error, see Jackson v. State, 359 So.2d 1190 (Fla. 1978).
The sixth point presented urges error upon the denial of the defendant's motion to suppress his confession. The record fails to sustain the defendant's position that he was unable to understand the waiver of his constitutional rights. The recorded statement itself reflects that the defendant was in complete control of his mental facilities at the time. Cf. Lane v. State, 353 So.2d 194 (Fla. 3d DCA 1977). In this connection, it should be noted that the evidence presented at the trial overwhelmingly established the defendant's guilt so that the admission of the confession, even though error, would have been harmless. Cf. Gibbs v. State, 344 So.2d 621 (Fla. 3d DCA 1977).
The seventh point presented urges error upon the exclusion at trial of a psychologist's testimony, which was allowed in at the motion to suppress the confession hearing, but was not competent as to any issue before the jury. Evidentiary questions of materiality, relevancy and competency are for the resolution of the trial court in the exercise of sound discretion, and rulings on admissibility will not be disturbed unless an abuse of discretion appears. See Coppolino v. State, 223 So.2d 68 (Fla. 2d DCA 1968). As there was no such abuse of discretion shown, no error appears on this point.
Having examined the points presented and finding error only on the points relevant to sentencing, the judgment is affirmed and the sentences on Counts 1, 2 and 3 are reversed and the cause is remanded to the trial court for sentences in accordance with the views herein expressed. The sentence on Count 4 is affirmed with the offending provision of a mandatory three-year sentence stricken therefrom.
Accordingly, (1) the judgment and sentence on Count 4 is affirmed, as amended, and (2) the sentences on Counts 1, 2 and 3 are reversed and the cause remanded for resentencing.