405 So.2d 1365 (1981)
Judy Anne BECK, Appellant,
v.
STATE of Florida, Appellee.
No. 79-2040.
District Court of Appeal of Florida, Fourth District.
November 18, 1981.
*1366 Richard L. Jorandby, Public Defender, and James K. Green of Brown & Green, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark Horn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with and found guilty of aggravated battery and second degree murder. Of the five points she recites on appeal, only one requires discussion; namely, whether it was harmful error for the trial court to exclude from evidence a pair of blue jeans offered by the defense. Although we find it was error, we hold the error was harmless and affirm.
The victim died of a deep stab wound to the abdomen which severed the aorta. The stabbing occurred during a fracas involving appellant, the victim and one Danny Carlton. In an effort to develop the fact that the fatal wound may have been made by Carlton instead of appellant, substantial testimony was elicited to the effect that at one point Carlton was sitting on the prostrate victim and when Carlton got up, his blue jeans were very bloody in the crotch area.
Appellant's brief contends her defense was that Carlton probably inflicted the wound and the record contains testimony that Carlton said after the fray that he thought he had killed the victim. Appellant said at one point in her testimony: "How do I know that Danny didn't stab him when he was on the ground." Further, the criminologist called by the State testified that he had analyzed the stains on the blue jeans delivered to him for that purpose as well as blood drawn from the victim; that the victim's blood was type O and that the substantial amount of stains located in the crotch and upper leg areas of the jeans was human blood, type O, and had originated on the outside.
Outside of the presence of the jury, the defense had Danny Carlton testify in an effort to lay a proper predicate for the admission into evidence of the blue jeans. He testified that the blue jeans being shown him were his and that they were in substantially the same condition at the time of trial as they were when he removed them after the fracas. On cross-examination he said that on the day following the incident he gave the pants to Gloria White who was renting the house outside of which the fatal fight occurred and that he had not seen them since. The defense then proffered the testimony of an investigator from the public defender's office who testified as to delivery to the criminologist on May 21, 1979, about two months after the stabbing, and as to receipt from someone in the criminologist's office. Gloria White did not testify nor was there testimony as to when she delivered the blue jeans, thereby effecting a testimonial break in the chain of custody. *1367 The State objected to the admission of the proffered evidence on two grounds and the trial court sustained the objection on the first ground that a chain of custody had not been established. It did not rule on the State's second objection as to identity, i.e., Carlton's testimony on cross-examination that it was "possible" the blue jeans were not his.
We do not consider the identity of the pants to be in issue notwithstanding the concession by Carlton on cross-examination of the foregoing "possibility." Were identity the issue, it has been said that the question of chain of custody would not be relevant. In United States v. Derring, 592 F.2d 1003, 1006 (8th Cir.1979), the court quoted United States v. Mahone, 537 F.2d 922, 930 (7th Cir.) cert. denied 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627 (1976): "[T]he chain of custody is not relevant when a witness identifies the object as the actual object about which he has testified."
The issue, however, is the condition of the blue jeans on the night of the stabbing; and a chain of custody is, without question, relevant. Deeb v. State, 131 Fla. 362, 179 So. 894 (1938). A body of law had developed on the subject when the physical evidence has been offered by the prosecution. Since Stunson v. State, 228 So.2d 294 (Fla. 3d DCA 1969) cert. denied 237 So.2d 179 (Fla. 1970), Florida courts have recognized the principles initially set forth in United States v. S.B. Penick & Co., 136 F.2d 413 (2d Cir.1943) and later recited in Gallego v. United States, 276 F.2d 914, 917 (9th Cir.1960):
Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it. If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. (Citations omitted.)
See also United States v. Gagnon, 635 F.2d 766 (10th Cir.1980); United States v. Brown, 482 F.2d 1226, 1228 (8th Cir.1973). From what can be seen from the foregoing, custody is one factor the trial court must consider in satisfying itself that the physical evidence has not been changed in important aspects.
In Stunson, supra, while the record failed to reveal evidence by live witnesses who could establish continuous possession, the whereabouts of contraband were supported by witnesses; and the reviewing court affirmed the trial court's admission of the evidence. In doing so, the Third District said: "the test is whether or not there is an indication of probable tampering with the evidence." Subsequent cases have applied that test. In Stevens v. State, 245 So.2d 92 (Fla. 1st DCA 1971), notwithstanding appellant's contention that the chain of custody had not been proven, the court affirmed the trial court's admission of contraband because the prosecution proved there had been no tampering. In Peek v. State, 395 So.2d 492, 495 (Fla.) cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981), although appellant contended the State did not prove a chain of custody, the court affirmed the admission of contraband because there was no hint of tampering. See also Carey v. State, 349 So.2d 820, 823 (Fla. 3d DCA) cert. denied 354 So.2d 979 (Fla. 1977); Bernard v. State, 275 So.2d 34 (Fla. 3d DCA 1973).
In the present case, the record completely fails to support any likelihood of tampering with the evidence. Consequently, notwithstanding the absence of proof of chain of custody in this case, we believe the trial court erred in sustaining the State's objection to the introduction of the evidence.
Based on our determination of error, we now must decide whether the error was harmful, requiring reversal. It was established by numerous witnesses, and never *1368 seriously disputed by the state, that the blue jeans were soaked in the crotch area with the deceased's blood. Whether the blood came from a wound that actually caused the death of the deceased or from some other wound, and whether Carlton or the appellant was responsible for the fatal wound, were issues for the jury to resolve, and they did so apparently contrary to appellant's contentions. Be that as it may, the appellant was not deprived of demonstrating to the jury that Carlton's pants were stained with the victim's blood, which was the only purpose to be served by introduction of the pants into evidence.
Accordingly, finding no reversible error, we affirm.
ANSTEAD, MOORE and GLICKSTEIN, JJ., concur.