451 So.2d 500 (1984)
Rose M. PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1328.
District Court of Appeal of Florida, Fifth District.
May 3, 1984.
Rehearing Denied June 18, 1984.
*501 Gregory E. Tucci, of Berk & Tucci, P.A., Ocala, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
MIZE, Associate Judge.
Rose M. Palmer appeals her conviction and sentence for two counts of vehicular homicide. Appellant has raised several points on appeal. Appellant argues that the trial court erred in admitting a certain posed photograph of one of the victims with his girlfriend into evidence, in prohibiting proposed testimony as to the blood alcohol level of the deceased victim who was the driver of the other vehicle, and in giving a special jury instruction requested by the State. We find that the trial court committed no reversible error and affirm.
On the evening of May 29, 1981, two pedestrians were walking across the grass median of U.S. Highway 301 near Ocala in Marion County. The grass median separated the northbound lanes from the southbound lanes of the four-lane highway. The witnesses testified that at approximately 11:00 p.m. they saw a white van pass them traveling north in the southbound fast lane at approximately 50 to 60 miles per hour. They turned to watch the van as it passed and saw headlights approaching in the southbound lanes in the distance. One witness testified that there appeared to be oncoming traffic in both of the southbound lanes. The testimony of the witness further revealed that a few seconds later the van driven by the appellant, Rose M. Palmer, and a southbound motorcycle crashed head-on. Two men on the motorcycle, Paul Utz (the driver) and Mark Kochen, were killed. Neither of the witnesses recalled the van or the motorcycle taking any evasive action to avoid the collision. Both vehicles had their headlights on and neither vehicle was observed braking immediately before the accident.
The testimony of Rose M. Palmer and Albert Palmer, her husband, revealed that Mrs. Palmer, after leaving the home of friends, was driving in an area of the county which was unfamiliar to her. She testified that she proceeded down the road from the friends' house to what she thought was a two-lane road (Old Ocala Road) but was in fact U.S. Highway 301. There were neither signs nor lights illuminating the intersection. Mistaking the two southbound lanes of U.S. Highway 301 for the north and south lanes of Old Ocala Road, a turn off she had in mind, Rose M. Palmer turned left into the fast southbound lane of U.S. Highway 301 and proceeded north believing herself to be in her own lane of traffic. She traveled about one-half mile with no other traffic on U.S. Highway 301 until she saw two headlights coming toward her in the slow southbound lane. As those lights approached she stated that another single light suddenly darted around the two oncoming headlights into the fast lane and a collision occurred. Subsequent to the accident it was determined that Rose *502 M. Palmer had a blood alcohol level of .078 grams per deciliter.
Rose M. Palmer was charged with two counts of D.W.I./manslaughter and two counts of vehicular homicide. Following the State's case, a directed judgment of acquittal was granted as to the D.W.I./manslaughter charges and the trial proceeded as to the two vehicular homicide counts. The jury found Rose M. Palmer guilty of the two counts of vehicular homicide.
Appellant argues that the trial court erred in admitting into evidence a posed photograph of one of the victims, Mark Kochen, because it was taken while he was still alive and included his girlfriend. Appellant contends that the picture of the decedent was unnecessary and served only to inflame the passions of the jury. The fact that a photograph might tend to inflame the jury is insufficient by itself to constitute reversible error as long as the photograph has some relevancy either independently or to corroborate other evidence. Jackson v. State, 359 So.2d 1190, 1192 (Fla. 1978), citing Young v. State, 234 So.2d 341 (Fla. 1970). Here, the photograph had some relevancy with regard to the identity issue. Although it can reasonably be argued that the photograph was cumulative since the father of the decedent identified the body of the decedent at the morgue, the error, if any, in the admissibility of the photograph did not constitute harmful error because it was not of such a nature that would reasonably inflame the passions of the jury.
Appellant contends in her next point of appeal that the trial court erred in prohibiting the proffered testimony as to the blood alcohol level of the other victim, Paul Utz, who was the driver of the motorcycle. The State objected to the testimony based upon the decision set forth in Filmon v. State, 336 So.2d 586 (Fla. 1976) a culpable-negligence manslaughter case. In that case the supreme court stated clearly on page 591 that the acts of the decedent can neither add to nor detract from the quality of the appellant's conduct. The reasoning in Filmon should apply to a vehicular homicide case. If, in a culpable negligence case, the conduct of the decedent can neither add to nor detract from the quality of appellant's conduct unless it was the sole proximate cause of the accident, as Filmon states, then neither can the acts of the decedent Paul Utz be considered in such a manner in this case.
Appellant further appeals the trial court's following jury instruction:
... for purposes of prosecution for the offense of vehicular homicide, acts by the deceased can neither add to nor detract from a defendant's conduct and do not bear on the issue of wantonness or recklessness.
Appellant argues that the jury instruction was imprudently given as it informed the jury that appellant's testimony as to the suddenness of the accident and possibly even the testimony of a corroborative witness who saw headlights was insufficient as a matter of law for the jury to consider in reaching its verdict. Appellee contends that the instant instruction was probably unnecessary because the evidence as to the sobriety of the motorcycle operator had been excluded, but argues that the giving of the instruction was nevertheless harmless error.
As proximate cause is a required consideration in a vehicular homicide prosecution, the jury was entitled to consider any evidence which could possibly have shown that Paul Utz's conduct was the sole proximate cause of the accident. However, under the facts of this case, Paul Utz's conduct was clearly not the sole cause of the accident. In Harrell v. State, 405 So.2d 480 (Fla. 3d DCA 1981), the court held that, in order to secure reversal of a conviction, the burden is on the defendant to establish prejudice resulting from any trial error, absent any showing of actual reliance by the jury or constitutional error. While it may have been error on the part of the trial court to allow the instruction, no reason exists to presume that this instruction *503 prejudiced appellant and therefore the error, if any, was harmless.
We therefore hold that the conviction of appellant is affirmed.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion
SHARP, Judge, dissenting.
I dissent because I think the evidence in this case is insufficient to establish beyond a reasonable doubt that Palmer was guilty of vehicular homicide. Even if the evidence is sufficient, it is marginal at best, and the trial judge's exclusion of the evidence of the motorcycle driver's blood alcohol level and his instruction that the jury should disregard the conduct of the motorcycle driver, deprived Palmer of a fair trial. The trial court relied upon Filmon v. State, 336 So.2d 586 (Fla. 1976), in making both rulings. This case illustrates the danger of applying a broadly-stated rule of law out of context.
Palmer was convicted of vehicular homicide. This is defined as:
the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. (Emphasis supplied.)
§ 782.071, Fla. Stat. (1981). Most jurisdictions interpret similar criminal statutes using the word "reckless" as requiring proof of willful or wanton conduct. In addition, the conduct must be intentionally embarked upon by the actor with the realization that it probably will cause injury to another. Annot., 52 A.L.R.2d 1337 (1957). Similarly, "reckless driving" is defined by section 316.192, Florida Statutes (1981), as driving a vehicle in "willful or wanton disregard for the safety of persons or property... ."
In McCreary v. State, 371 So.2d 1024 (Fla. 1979), our supreme court found that reckless, as used by the vehicular homicide statute, was a degree short of culpable negligence as used in the manslaughter statute, section 782.07, Florida Statutes (1975), but it was more than a mere failure to use ordinary care. The court defined culpable negligence as conduct which is gross and flagrant. It evinces, inter alia, "a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them. [Cites omitted]." McCreary at 1026. In cases where only one or two factors were involved, such as speeding or being on the wrong side of the road, the courts have held that culpable negligence was not proven.[1]
In this case there was little evidence of conscious reckless conduct on the part of Palmer. As the majority opinion describes the accident, the major cause was that Palmer made an inadvertent, incorrect turn going north in the fast lane for southbound traffic of a four-lane highway. She thought she was on a two-lane highway. It was a dark night. There were no lights or signs at the intersection, and there was no traffic on either the northbound or southbound lanes. She was not familiar with the roads or area. Not until after the collision did Palmer see any traffic which could have warned her she was in the wrong traffic lane. At most, this was a tragic mistake on her part, but it does not evince consciously reckless behavior.
Nor were other factors established in this case to justify the imposition of criminal sanctions. Palmer's blood alcohol level showed she was not intoxicated. Further, she was driving below the speed limit. The only factors used against her to show conscious recklessness were that she did not apply her brakes or take evasive action to avoid hitting the motorcycle. She testified she did not have time to take any such *504 action, and the evidence supported her answer. Unless section 782.071 encompasses ordinary negligence, which I do not think it does or should,[2] Palmer's conviction should be reversed.
Even if the fact that Palmer did not brake or swerve to try to avoid the motorcycle was enough to send the case to the jury, she was erroneously prevented from explaining or countering these facts by the trial court's ruling based on Filmon. She proffered evidence to show that the deceased motorcycle driver had a blood alcohol level indicating he was not completely sober. And Palmer testified she did not see his headlight until he pulled around the southbound automobile in the slow lane, just as it was passing her, so abruptly and so fast she could not react. He obviously did not look out beyond the automobile ahead of him before accelerating around it, although Palmer's headlights would have been visible. But these facts were taken away from the jury's consideration by a special instruction, based on Filmon, to which Palmer objected:
[F]or purposes of prosecution for the offense of vehicular homicide, acts by the deceased can neither add to nor detract from the defendant's conduct and do not bear on the issue of wantoness or recklessness.
Filmon requires no such instruction, nor was such an instruction approved in that case. In Filmon, the issue was whether the defense's instruction concerning a decedent motorist making a left turn in violation of a driving statute should have been given as bearing on the issue of causation. The court said that only if the decedent's conduct was the sole proximate cause of the accident[3] would the instruction be proper. This rule is based upon the well-established principle in criminal law that contributory negligence of a victim is not a defense; and where there are two contributing causes, both actors are criminally responsible. 21 Am.Jur.2d Criminal Law § 187 (1981); R. Ferguson, Concepts of Criminal Law, Selected Readings 416 (1975).
However, this rule has never prevented the consideration of the victim's or a third person's behavior as part of the circumstances in determining whether the defendant acted in a culpably negligent manner. In fact, in Filmon the blood alcohol level of the defendant, as well as the deceased's, was put into evidence. "Thus, although the victim's contributory negligence is not a defense, it may be considered as tending to show that the defendant was not culpably negligent... ." 21 Am.Jur.2d Criminal Law, supra, at § 187. "However, the victim's negligence is relevant on the question whether the defendant was himself guilty of criminal negligence... ." 1 C. Torcia, Wharton's Criminal Law § 47 (14th ed. 1978).
The conduct of the victim is often an important factor in a case, bearing on the degree of negligence of the defendant.[4] As part of the situation or circumstances in which the defendant is acting, it is highly relevant. See Russ v. State, 140 Fla. 217, 191 So. 296 (1939); Graives v. State, 127 Fla. 182, 172 So. 716 (1936). How can the fact-finders determine whether the defendant was criminally negligent, under the circumstances, if part of the relevant circumstances are taken away from them?
In Smith v. State, 65 So.2d 303 (Fla. 1953), the supreme court held culpable negligence had not been shown in a case similar to this one. The driver was intoxicated and driving fast on a dark night in a rural area. He struck two pedestrians, who were wearing dark clothing, as they crossed the highway. The court observed that the pedestrians had not observed fundamental rules for their own safety. Their behavior was clearly considered by the *505 court as bearing on the degree of recklessness of the defendant's conduct.
In this case, the behavior of the motorcycle driver should likewise have been considered by the jury on the issue of Palmer's reckless conduct, or lack thereof, in failing to brake or swerve. Failure to allow the jury to fully consider the circumstances of this accident, I think, deprived Palmer of a fair trial. I would reverse, or reverse for a new trial.
NOTES
[1] See Smith v. State, 65 So.2d 303 (Fla. 1953); Graives v. State, 127 Fla. 182, 172 So. 716 (1936); Scarborough v. State, 188 So.2d 877 (Fla. 2d DCA 1966); Jackson v. State, 100 So.2d 839 (Fla. 1st DCA 1958). Compare Filmon v. State, 336 So.2d 586 (Fla. 1976); Tegethoff v. State, 220 So.2d 399 (Fla. 4th DCA 1969). But see Franklin v. State, 120 Fla. 686, 163 So. 55 (1935).
[2] See R. Ferguson, Concepts of Criminal Law, Selected Readings 410 (1975).
[3] See J.A.C. v. State, 374 So.2d 606 (Fla. 3d DCA 1979).
[4] Annot., 20 A.L.R.3d 473 (1968).