543 So.2d 283 (1989)
Richard O. BUSH, Appellant,
v.
STATE of Florida, Appellee.
Case Nos. 87-737, 87-2315.
District Court of Appeal of Florida, Second District.
April 19, 1989.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Richard O. Bush, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
Richard Bush appeals his convictions and sentences for two counts of manslaughter and one count of throwing a deadly missile into an occupied vehicle. We find that reversible error occurred in the exclusion of certain evidence relevant to Bush's defense to the two homicides, and we reverse for a new trial on those charges.
The manslaughter charges stem from the deaths of Matthew Mullin and Ted Butcher on June 15, 1986, in Ft. Myers. On that day Mullin, accompanied by his twelve-year-old niece, was driving his Gremlin car back to Lehigh Acres from a beach excursion. Mullin, who had consumed an undetermined quantity of beer over the course of the day, almost ran a red light on Colonial Boulevard. In so doing, he apparently impeded the progress of a Pontiac in which Bush was a passenger while it was being driven by his brother, William Bush. This angered the occupants of the Bush vehicle, who called for Mullin to "get back here." Evidence indicated that both Bush and his brother also had been drinking. Mullin pulled into a nearby gas station and stopped. Bush exited the Pontiac and struck the top of Mullin's Gremlin with his hand. Mullin, exiting the gas station, struck Bush's car, and Bush gave pursuit. Various objects, including a beer can and frog gig, were thrown into the Gremlin *284 from the Pontiac. Witnesses testified that Bush appeared to be "trying to ... crowd [Mullin] off the road." Mullin drove at speeds of up to eighty miles per hour. Eventually, Mullin ran a second red light, striking a Nissan driven by Brad Miller, killing Ted Butcher, a passenger in that car, as well as Mullin himself.
Bush originally was charged with two counts of second degree murder, two counts of throwing a deadly missile into an occupied vehicle, and one count of aggravated battery. At the close of the state's case, the trial court directed a verdict as to one count of throwing a deadly missile and the single aggravated battery charge. The jury found Bush guilty of the lesser crime of manslaughter. Bush was sentenced to a total of twenty-two years in prison, a term which was within the range recommended under the sentencing guidelines.
During the course of his trial, Bush sought to introduce scientific evidence that would have shown that Mullin's blood alcohol content at the time of his death was more than twice the legal limit. The trial court, while agreeing that the evidence was relevant to Bush's theory of defense, nevertheless excluded it because of a break in the chain of custody. At trial Bush proffered testimony showing that Marjorie Winters, a medical technologist, received samples of Mullin's blood in serum form and performed a gas chromatography test for blood alcohol content. Winters' proffered testimony was that had the samples been received in whole blood form the test result would have been only "a very minimal amount lower." Whole blood is converted to the serum form by spinning it in a centrifuge. Winters did not perform this intermediate procedure and did not know the identity of the person who had done so.[1]
A mere break in the chain of custody is not in and of itself a basis for exclusion of physical evidence. Rather, the court should consider the probability that the evidence has been tampered with during the interim for which it is unaccounted. Beck v. State, 405 So.2d 1365 (Fla. 4th DCA 1981); Bernard v. State, 275 So.2d 34 (Fla. 3d DCA 1973). In the case before us, evidence of any such contamination, or the likelihood thereof, was lacking. Although the state argues, alternatively, that any error in excluding Winters' testimony was harmless, we cannot agree. The central question in this case is whether appellant can be held criminally responsible for Mullin's act of driving his automobile into the path of another. One who, by actual assault or threat of violence, causes another person to do an act resulting in injury or death is responsible only if the actions of the second person undertaken to avoid the danger were those which would have been done by a reasonable person under the circumstances. Wright v. State, 363 So.2d 617 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979); Parrish v. State, 97 So.2d 356 (Fla. 1st DCA 1957). Evidence of Mullin's intoxication, which was not otherwise adequately established by the evidence at trial, was clearly relevant to the determination whether his response to Bush's actions was reasonable. We do not view the exclusion of evidence of Mullin's blood alcohol level, which the trial judge agreed was relevant to this issue, as harmless error.
Turning to Bush's conviction for throwing a deadly missile, we find that these same considerations do not apply when weighing Bush's guilt because the reasonableness of Mullin's reaction would be irrelevant. Thus any error on the part of the trial court regarding the blood samples did not affect the fairness of Bush's trial with respect to this charge. There was sufficient *285 evidence upon which to base a finding of guilt, and that conviction is affirmed. See, e.g., Parker v. State, 471 So.2d 1352 (Fla. 2d DCA 1985) (error in denying jury instruction on intoxication affected only those charges to which intoxication would have been a defense); Craft v. State, 441 So.2d 704 (Fla. 2d DCA 1983) (error in refusing to sever charge of possession of firearm by convicted felon requires retrial only of offenses where prior record is not an element).[2]
We affirm Bush's conviction for one count of throwing a deadly missile into an occupied vehicle. We reverse his convictions for two counts of manslaughter, and we order a new trial on those charges and for resentencing in accordance with this opinion.
LEHAN, J., concurs.
PARKER, J., dissenting with opinion.
PARKER, Judge, dissenting.
I respectfully dissent. The jury found Bush guilty of two counts of manslaughter, where the trial judge instructed the jury Bush could be guilty of manslaughter if the victims' deaths were caused by (1) Bush's act or (2) the culpable negligence of Bush. Because the jury verdict form only reflects that the jury found Bush guilty of two counts of manslaughter, I do not know whether the jury, in reaching its verdicts, found the evidence supported one or both elements.
First, I would note that the jury heard evidence that Mullin had drunk at least three beers and that six beer cans were found in the Mullin vehicle. Thereafter, defense counsel argued to the jury that Mullin's actions alone caused this accident. In Everett v. State, 435 So.2d 955 (Fla. 1st DCA 1983), a vehicular homicide case, the first district found the trial court's refusal to admit evidence of decedent's blood alcohol level was, at most, harmless error. The Everett court considered the fact that the jury had evidence before it that the decedent had spent most of the evening in question in a bar and that he had been drinking wine. The court thereby concluded that the outcome of the case would not likely have been different had the trial court admitted the blood alcohol evidence. Everett, 435 So.2d at 958. Likewise, even under the stricter harmless error test enunciated in State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), I find that there was no reasonable possibility that the refusal to admit scientific evidence regarding Mullin's level of intoxication contributed to the convictions in view of the fact evidence of Mullin's intoxication was presented and argued to the jury.
In analyzing Bush's convictions for manslaughter under the theory of culpable negligence, the conduct of Mullin's driving could be a factor for jury consideration only if his driving were the sole proximate cause of the accident. See Filmon v. State, 336 So.2d 586 (Fla. 1976). Stated another way, "[t]he dispositive question is whether the decedent's act was the superseding cause, so devoid of relation to the culpable negligence of appellant that appellant should not be assessed with the blame for what ultimately transpired." Cunningham v. State, 385 So.2d 721, 723 (Fla. 3d DCA 1980), review denied, 402 So.2d 613 (Fla. 1981). Under the facts of this case, the jury, in my opinion, could not have reasonably reached that conclusion. Bush and his brother chased Mullin at speeds of eighty miles an hour, throwing a beer can and a two and one-half foot frog gig into Mullin's car, which contained a twelve-year old child. Clearly, these deaths were caused at least partially by the actions of Bush and his brother.
Turning to the possibility that the jury may have returned verdicts of manslaughter under the theory that Bush caused the deaths, but not by culpable negligence, I would note that Florida's vehicular homicide *286 statute, section 782.071, Florida Statutes (1985), contains an element of causation; that is, it requires a defendant to operate a motor vehicle in a reckless manner likely to cause death or great bodily harm to another. In Palmer v. State, 451 So.2d 500 (Fla. 5th DCA 1984), review denied, 461 So.2d 115 (Fla. 1985), a vehicular homicide case, the trial judge excluded testimony concerning the blood alcohol level of the decedent. The fifth district held that the trial judge did not err in this regard, because the decedent's conduct neither could add nor detract from the quality of the defendant's conduct unless it was the sole proximate cause of the accident. Palmer, 451 So.2d at 502.
The bottom line of my dissent is that based upon the facts of this case, no jury of reasonable persons could have concluded that Mullin was the sole cause of his death and that of another. The trial court, therefore, did not err in failing to admit evidence of Mullin's blood alcohol level. See Palmer. Even if the trial court did err in failing to admit the evidence, it was, in my opinion, harmless beyond a reasonable doubt. See DiGuilio; Everett.
NOTES
[1] Bush later filed a motion to vacate the judgment and sentence, or in the alternative, a petition for writ of error coram nobis, based on developments at the subsequent trial of Bush's brother and codefendant, William Bush. Ms. Winters apparently discovered that she had been in error when stating that Mullin's blood was received in serum rather than whole blood form. Thus the chain of custody problems experienced by appellant may have been nonexistent. Nevertheless the trial court denied the motion to vacate. Because of our holding that the state's objection, even if factually correct, was without merit, we need not address this second ruling.
[2] If after remand the state is unable to obtain new convictions for manslaughter, and deletion of those convictions would measurably affect the guideline recommendation, Bush may be entitled to resentencing on the deadly missile charge. See, e.g., Parker v. State, 506 So.2d 86 (Fla. 2d DCA 1987). Our decision is therefore without prejudice to appellant to seek relief via Florida Rule of Criminal Procedure 3.800(a), if appropriate.