## HOLDEN v STATE OF FLORIDA
### Case No. 84-0051AC10 (Lower Court Case No. 83-22159MM10)
Seventeenth Judicial Circuit, Broward County

June 6, 1991

### APPEARANCES OF COUNSEL

**Richard L. Rosenbaum, Esquire,** for appellant.

**James P. McLane,** Assistant State Attorney, for appellee.

Before STANTON S. KAPLAN, Circuit Judge.

### OPINION OF THE COURT

THIS CAUSE comes before the Court upon the appeal of an order denying Defendant's Motion to Suppress and Supplemental Motion to Suppress Blood Sample dated August 16, 1984.

Appellant was charged by information filed December 31, 1984 with violating Sections 316.193(1) and 316.1925(1), Florida Statutes, Driving While Under the Influence (alcoholic beverages or unlawful blood alcohol count) and Careless Driving.

On June 22, 1984 and July 23, 1984, the Defendant-Appellant filed a

Motion to Suppress and a Supplemental Motion to Suppress Blood Sample respectively. The trial court held two hearings on said Motions on August 3, and August 13, 1984. After hearing and evaluating testimony of the witnesses the trial court denied both Motions.

The Appellant timely filed this notice of Appeal.

Evidentiary questions of materiality, relevancy, and competency are for the resolution of the trial court in the exercise of its sound discretion and will not be disturbed absent an abuse of discretion. *Ashely v State,* 370 So.2d 1191, 1194 (Fla. 3d DCA 1979); *Booker v State,* 397 So.2d 910, 914 (Fla. 1981).

The standard of review of a trial court's ruling on a motion to suppress is cloaked with a presumption of correctness. This Court must view and interpret all evidence in a light most favorable to sustain the trial judge. *Churney v State,* 348 So.2d 395 (Fla. 3d DCA 1977).

In order for an object to be admitted into evidence a proper chain of custody must be established. Custody is only one factor that is taken into consideration by the trial judge. *Beck v State,* 405 So.2d 1365 (Fla. 4th DCA 1981). In determining whether to admit the evidence, "the test is whether or not there is an indication of probable tampering with the evidence". *Stunson v State,* 228 So.2d 294 (Fla. 3d DCA 1969). The trial judge must determine whether the evidence being admitted is in substantially the same condition as when it was procured. *Watson v State,* 437 So.2d 702 (Fla. 4th DCA 1983).

Additionally, Florida Statute 322.262(3) (Renumbered 316.1934(3) effective July 1, 1982) provides that in order for the analysis of a blood sample to be valid it must be performed under methods approved by the Department of HRS.

Pursuant to this statute, HRS had promulgated rules governing the Labeling, Collecting, and Storage of Blood Samples. Fla. Admin. Code Rule 10D-42.029 provides:

(1) All blood sample vials or vacutainer tubes shall be labeled and shall contain the following information:

(a) Name of person tested.

(b) Date and time sample collected.

(c) Initials of personnel collecting sample.

(2) Cleansing of the person's skin in collecting of the blood sample shall be performed with a non-alcoholic antiseptic solution.

(3) Blood samples shall be collected in a vial or vacutainer tube

82

containing an anticoagulant substance. Said vial or vacutainer shall be stoppered and sealed or capped and sealed to prevent loss by evaporation.

The record clearly reflects that all of these requirements were complied with, that the trial court acted properly and within its sound discretion in denying Appellant's Motion to Suppress.

This Court feels compelled to point out certain defects in Appellant's brief.

The language in Appellant's brief, starting at page 13, is verbatim to the language in *State v Wills,* 359 So.2d 566 (Fla. 2d DCA 1978) except for the omission of portions which do not support the Appellant's position. Appellant presents the language in his brief as his own and omits appropriate citations. The reason for this is obvious to this court. The *Wills, Supra.* court deal with issues relating to *breath* testing and NOT BLOOD TESTING which is the issue in the case at bar.

Appellant cites to "Rule 10 D-42" generally and quotes language regarding "accessibility" to test kits by authorized technicians only. There is no "Rule of Non-Accessibility" with respect to blood samples and test kits. The only reference to the "Rule of Non-Accessibility" this Court can find deals with the breathalyzer test equipment. *See Fla. Admin Code Rule 10D-42.024.*

Lastly, the Appellee, starting at page 10 of its Answer Brief, pointed out the failure to cite to the appropriate provision of the Florida Administrative Code Rule 10D-42. The Appellant did not remedy, nor even address this "error" in his Reply brief. Instead, he choose to argue the "Rule of Non-Accessibility" which does not exist with respect to blood test kits.

Counsel would be well advised to carefully document assertions of the law with complete and accurate citations before presenting them as true to any court, so that the appearance of any misrepresentation can be completely eliminated.

Accordingly, it is hereby,

ORDERED and ADJUDGED that the trial court order denying Appellant's Motions to Suppress is AFFIRMED.

DONE and ORDERED in chambers, at Broward County Courthouse, 201 S.E. 6th Street, Fort Lauderdale, Broward County, Florida, 33301, this 6th day of June, 1991.