SCHWARTZ, Chief Judge
(specially concurring in part, dissenting in part).
While I disagree with the majority as to the other evidentiary points it relies upon, because I think that they involve either no error,[1] no harm, or both, I concur in reversal solely because of the exclusion of evidence concerning the decedent’s drug and alcohol use prior to the accident. I would agree that, in the “ordinary” case, such evidence is properly excludable because it does not directly relate to any pertinent issue, including that of legal cause. See Filmon v. State, 336 So.2d 586 (Fla.1976), cert. denied, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977); Palmer v. State, 451 So.2d 500 (Fla. 5th DCA 1984), pet. for review denied, 461 So.2d 115 (Fla.1985). In this instance, however, in an attempt to carry its burden of proving the vital element that the defendant’s excessive speed was a legal cause of the accident,[2] the state affirmatively introduced “expert” testimony that a normal person would have been able to see and get out of the way of a vehicle traveling at a reasonable speed, but presumably could not have done so when confronted with one, like the defendant’s, traveling at eighty to ninety miles per hour. In these circumstances, it was obviously appropriate, indeed vital, to show that this decedent was not an ordinary citizen, but one apparently incapable of protecting herself because of her consumption of drugs and alcohol. See Smith v. State, 65 So.2d 303 (Fla.1953); Persaud v. State, 755 So.2d 150 (Fla. 4th DCA 2000).

. This is particularly true of the ruling that evidence of the defendant's alleged violation of certain police rules was improperly admitted. Specifically unlike Lozano, in which the police manual which was introduced into evidence to demonstrate the standard of care required of policemen in the commission of the very acts of which he was accused, the defendant’s violation of the rules in this case was merely admitted to show a motivation for her alleged excessive speed. I think that was perfectly appropriate.

. In the light of the fact that there was no evidence whatever as to how the decedent got into the roadway or her reactions thereafter, I think that there may have been a total absence of evidence of legal cause in this case, so that a directed verdict might have been appropriate. It is not necessary, however, further to explore the issue, since the point was not presented on appeal because, we were told at oral argument, appellant's counsel did not consider that it had been appropriately preserved below.