537 So.2d 626 (1988)
Gary DODD, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1674.
District Court of Appeal of Florida, Third District.
December 27, 1988.
Rehearing Denied February 15, 1989.
*627 Frank U. Pintado; Frank Albear, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Susan Odzer Hugentugler, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Gary Dodd appeals from his conviction and sentence for trafficking and conspiracy to traffic in cocaine. He asserts error in the trial court's refusal to grant his motion for a judgment of acquittal based upon entrapment and the state's failure to show actual possession or proper chain of custody. For the following reasons, we reverse.
Dodd's first contention, that he was entrapped, is wholly without merit. According to the threshold objective entrapment test set forth in Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), "[e]ntrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity." Cruz, 465 So.2d at 522. Under the facts of this case, both prongs of the Cruz test have been satisfied.
Dodd's second point on appeal, however, does have merit. The trial court erred in admitting into evidence the cocaine seized from Dodd where the state failed to establish a proper chain of custody. As a general rule, the state is not required to elicit testimony from every custodian in the chain. Relevant physical evidence is admissible unless there is some indication of probable tampering with the evidence. Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); Stunson v. State, 228 So.2d 294 (Fla. 3d DCA 1969), cert. denied 237 So.2d 179 (Fla. 1970).
The officer who seized the cocaine testified at trial that he placed the plastic bags of cocaine into a container. When weighed on a postal scale, the container and its contents registered a combined weight of 317.5 grams. The same officer transported the container to the FDLE office in Miami, where a contraband scale registered a combined weight of 249.5 grams. According to his testimony, the officer then put the bags inside a single plastic bag, heat-sealed the bag, and marked the date and his initials on the outside of the bag. The officer used a secure evidence locker to store the contraband until such time as he removed the bag and turned it over to a special agent who was to hand deliver it to the crime lab in Orlando. A chemist from the crime lab testified that a heat-sealed plastic bag was delivered to the lab by the special agent. According to the chemist, the bag showed no markings whatsoever. The contraband, minus its packaging, registered a net weight of 220 grams on the lab scale. The state did not call the special agent to testify, nor was he listed as a potential witness in the state's pretrial catalog. In the course of three redirects, the officer who first seized and secured the contraband managed to explain some, but not all, of the discrepancies in weight and packaging. Notwithstanding the testimony on redirect, *628 a mere reasonable possibility of tampering is sufficient to require proof of the chain of custody.
Applying the test set forth in Stunson, the conflicting descriptions of the bag and the gross discrepancies in the recorded weights and packaging details indicate probable tampering. It is plain that the contraband received by the crime lab was not in the same condition as was testified to by the officer who seized the contraband. On this record we cannot tell whether the cocaine Dodd sold and the cocaine introduced at trial are one and the same. Thus, it was error for the trial court to admit the cocaine into evidence without first receiving testimony from the special agent that would explain the changes in the condition of the evidence between the time of seizure and the time of trial. Lacking the testimony of the special agent, the state could not establish a sufficient chain of custody for the cocaine to be admitted in evidence against Dodd.
The conviction and sentence under review are reversed, and the cause is remanded for a new trial.