PER CURIAM.
This is an appeal by the defendant Lee Harold Walsh, Jr. from a final judgment of conviction for trafficking in cocaine entered below after an adverse jury verdict. We affirm based on the following briefly stated legal analysis.
First, we conclude that the trial court properly denied the defendant’s motion to suppress. Without recounting the extensive details of the police investigation which led up to the defendant’s arrest in this case, suffice it to say there was ample probable cause to arrest the defendant and his companions. This being so, there was no basis to suppress the cocaine, gun, and *625 oral admissions thereafter obtained by the police. We have not overlooked the defendant’s forceful argument to the contrary, but are not persuaded thereby. See, e.g., State v. Cross, 535 So.2d 282 (Fla. 3d DCA 1988), jurisdiction accepted, 544 So.2d 199 (Fla.1989); Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983); Skelton v. State, 349 So.2d 193 (Fla. 3d DCA 1977).
Second, we conclude that the trial court did not abuse its discretion in denying the defendant’s motion for a severance of trials from his codefendant, Polly Thomas, who was jointly tried with the defendant. We have reviewed the totality of the circumstances in this case as articulately urged by the defendant, but are not convinced that an abuse of discretion has been shown on this record. A detailed analysis of why this is so would unnecessarily burden this opinion, but suffice it to say that the following authorities point solidly toward a rejection of this point on appeal. McCray v. State, 416 So.2d 804, 806 (Fla.1982) (“[n]or is hostility among defendants, or an attempt by one defendant to escape punishment by throwing the blame on a codefendant, a sufficient reason, by itself, to require severance”); Dean v. State, 478 So.2d 38 (Fla.1985); O’Callaghan v. State, 429 So.2d 691 (Fla.1983).
Finally, we find no merit in either the defendant’s ineffective assistance of counsel point or the chain of custody point. Clearly, Sanborn v. State, 474 So.2d 309 (Fla. 3d DCA 1985) has no application to the ethical problem posed by defense counsel at trial inasmuch as the defendant declined to testify at trial; neither Sanborn nor any other authority compelled the trial court to allow defense counsel to withdraw from representing the defendant during mid-trial in this case. Moreover, we think the discrepancies, if any, in the chain of custody of the subject cocaine after its seizure by the police did not indicate probable tampering and therefore did not mandate the exclusion of the cocaine from evidence at trial. See, e.g., Peek v. State, 395 So.2d 492 (Fla.1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981).
For the above-stated reasons, the final judgment of conviction and sentence under review are, in all respects,
Affirmed.