578 So.2d 518 (1991)
Linda R. GAVIN and John Gavin, Appellants,
v.
PROMO BRANDS USA, INC., a Florida Corporation, Appellee.
No. 89-1908.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
E. Hugh Chappell, Jr. and Richard A. Beauchamp of Chappell & Brandt, P.A., Fort Lauderdale, for appellants.
Richard A. Sherman and Rosemary G. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellee.
*519 JOHN E. FENNELLY, Associate Judge.
Appellants, Linda and John Gavin, plaintiffs below, appeal an adverse jury verdict. We affirm.
Appellants raise two principal grounds as the basis for appeal. First, appellants allege that the trial court erred when it admitted the results of a serum blood alcohol test administered in connection with treatment at Plantation General Hospital. Second, appellants challenge the trial court's exclusion of blood test results offered to rebut appellee's test results, as well as expert witness testimony concerning appellants.
The facts adduced at trial indicate that as appellant Linda Gavin left Big Daddy's Liquor Store she slipped and fell on the premises. She suffered a fractured ankle that required surgery. Appellant testified that before she went to Big Daddy's, she drank Cognac and ate chicken wings.
After the accident a Dr. Reitman treated her at Plantation General Hospital. As part of a routine surgical workup, Dr. Reitman ordered a serum blood alcohol test. Hospital personnel drew a blood sample which was taken on an emergency basis by courier to an outside laboratory, Medpath. The courier delivered the blood sample directly to the testing facility. A Medpath technician received the specimen, immediately performed the test, and telephoned the test results to the hospital.
At the outset, chain of custody presents a mixed question of law and fact in which the court determines whether a sufficient showing has been made of the item's genuineness. Once admitted, however, it is the fact finder who determines its evidentiary weight.
We find the facts at bar distinguishable from those in Kurynka v. Tamarac Hospital Corp., Inc., 542 So.2d 412 (Fla. 4th DCA 1989), cited by appellants. The record before us amply demonstrates the evidence in question was sufficiently authenticated so as to be prima facie admissible. The Medpath technician testified as to the emergency practice routinely employed to collect samples from the hospital and transport them to Medpath. He further testified that he personally received the sample which bore appellant's name and hospital identification number. His testimony included a description of the instrument used to test the blood and the safeguards he employed to insure its accuracy.
Appellants next argue that the trial court erred in excluding blood test results offered to rebut appellee's test results and expert witness testimony concerning appellants. We find this evidence was cumulative to expert testimony already before the jury. Thus, we hold that no abuse of discretion has been demonstrated. See Thomas v. Lumbermens Mutual Casualty Co., 424 So.2d 36 (Fla. 3d DCA 1982).
Appellants' remaining points do not demonstrate that any error which may have occurred warrants reversal.
AFFIRMED.
ANSTEAD and STONE, JJ., concur.