PER CURIAM.
Appellant, Jonell Pierre appeals his conviction and sentence for selling cocaine within one thousand feet of a school. We affirm.
The sole issue on appeal is whether the cocaine purchased from appellant was properly admitted into evidence at trial. Appellant contends that there were discrepancies in the chain of custody of the cocaine and therefore it should not have been admitted.
Relevant physical evidence is admissible unless there is some indication of probable tampering. Peek v. State, 395 So.2d 492
(Fla.1980), cert. denied 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981); Dodd v. State, 537 So.2d 626 (Fla. 3d DCA 1988); Bernard v. State, 275 So.2d 34 (Fla. 3d DCA 1973). The testimony at trial explained any discrepancy in the chain of custody, and did not indicate probable tampering. Walsh v. State, 559 So.2d 624 (Fla. 3d DCA 1990).
Affirmed.