593 So.2d 554 (1992)
Eddie JOINER a/k/a John Blue, Appellant,
v.
STATE of Florida, Appellee.
No. 91-99.
District Court of Appeal of Florida, Fifth District.
January 24, 1992.
Rehearing Denied February 26, 1992.
*555 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Eddie Joiner appeals his convictions for possession of a controlled substance and resisting arrest without violence. He contends that the state gave an inadequate reason for a peremptory challenge of a prospective black juror  Joiner is also black. We affirm.
The record reflects that defense counsel first excused a black person from the jury panel. The state then excused jurors number three and four, a white and a black person respectively. This was followed by the excusal of a white person by the defense. Finally, juror number eleven, a black person, was excused by the state. Immediately following the excusal of juror number eleven, the defense called to the attention of the substitute judge who presided over voir dire that two of the state's strikes were of black persons and asked the court to inquire as to the reason.
Such an inquiry is appropriate under State v. Neil, 457 So.2d 481 (Fla. 1984), which requires a party concerned about the opponent's use of peremptory challenges to demonstrate that there is a strong likelihood that jurors have been challenged solely because of their race. Id. at 486. If the party accomplishes this, then the trial court must decide if there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race. Id. If the court finds no such likelihood, no inquiry may be made of the person exercising the peremptories. Id. On the other hand, if the court decides that such a likelihood has been shown to exist, the burden shifts to the complained-about party to show that the questioned challenges were not exercised solely because of the prospective jurors' race. Id. at 486-487. A judge cannot accept the reasons proffered at face value but must evaluate those reasons as he or she would weigh any disputed fact. State v. Slappy, 522 So.2d 18, 22 (Fla. 1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
In the instant case, after juror number eleven was excused by the state, defense counsel stated:
Before we go [on] I want to call it to the court's attention at least two of the strikes the state has made are black... .
The jurors are black in this case, and that there's at least here the suggestion these jurors are being struck on a racial basis... .
The trial judge complied with defense counsel's request and asked the state to explain its reasons for excusing the two black jurors. Joiner concedes that the reason given for the excusal of juror number four was valid but contends that the prosecutor failed to give a race neutral reason for excusing juror number eleven and that Joiner is entitled to a new trial.
The reason offered by the prosecutor for striking number eleven was, "I would like to constitute the jury with some people down the line I prefer more, and including *556 another juror. I think they're more preferable to the state's case than [juror eleven] is." The trial judge ruled that the strike was racially neutral. The defense disagreed with the trial judge that the state's reason was valid. The voir dire continued, the jury was accepted by both parties, and Joiner was found guilty.
We hold that Joiner failed to preserve his objection to the composition of the jury panel. Neither the language used by the defense in calling the court's attention to the possibility of racially motivated strikes nor his language expressing disagreement with the trial court's ruling rise to the level of a request that the trial judge obtain a different jury panel, continue the trial, or declare a mistrial. We believe that it takes stronger language to indicate to the trial court that a defendant does not wish to subject his case to that jury panel. It is not sufficient to accept the jury panel and then wait until receipt of an adverse judgment before asserting an objection.
In State v. Slappy, it was held that the trial court erred in denying a motion to strike the jury panel after the trial court accepted the state's inadequate explanation of multiple peremptory challenges of black jurors. In Kibler v. State, 546 So.2d 710 (Fla. 1989), the issue on appeal was the trial judge's refusal to dismiss the jury on the ground that the prosecutor used peremptory challenges to strike all three black persons called for services on the prospective jury panel. In Reed v. State, 560 So.2d 203 (Fla. 1990), cert. denied, ___ U.S. ___, 111 S.Ct. 230, 112 L.Ed.2d 184 (1990), the action of the trial court assigned as error was the denial of a motion for mistrial following a Neil inquiry. The opinions in Neil, Williams v. State, 574 So.2d 136 (Fla. 1991), Thompson v. State, 548 So.2d 198 (Fla. 1989), and Johans v. State, 587 So.2d 1363 (Fla. 5th DCA 1991), do not discuss how the objections were preserved, perhaps because the issue was not raised.
We believe that a party must do more than request a Neil inquiry and voice disagreement with an opponent's explanation. If a party is dissatisfied with a jury panel after hearing an explanation elicited through a Neil inquiry, some remedy should be requested of the trial court. For example, the defense in the instant case should have moved to strike the jury panel at some time during the jury selection process, but before the jury was sworn, at the latest. See State v. Castillo, 486 So.2d 565 (Fla. 1986). The defense did not do this; on the contrary, at the end of the jury selection, the defense stated that the jury was acceptable. Further, no mention of the jury selection was made in the motions for acquittal during the trial, and it was only after receiving the adverse verdict and judgment that the issue was again raised in a motion for acquittal or new trial.
The initiation of a Neil inquiry and a dissatisfaction with the opponent's answer does not necessarily mean that the one who initiates the inquiry wishes to terminate a trial or request that the jury panel be stricken. The inquiry can be initiated to forewarn an opponent that caution should be exercised in exercising peremptory challenges without racially neutral reasons. Also, the party initiating the inquiry may ultimately decide that the panel finally selected is acceptable. The trial court should not assume that a party wishes to have a panel stricken simply because a Neil inquiry is requested. An affirmative action of a trial court must be clearly requested by a party before inaction can be assigned as error.
Accordingly, we affirm the judgment of conviction.
AFFIRMED.
GOSHORN, C.J., and DIAMANTIS, J., concur.