W. SHARP, Judge.
Suggs appeals from his judgment of guilt and sentence for grand theft after a jury trial. He argues the trial court departed from the directives of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) and State v. Neil, 457 So.2d 481 (Fla.1984) when it allowed the state attorney to back-strike the only black member of the jury who had been (at that point) accepted by both sides for service on the jury panel, through the exercise of a peremptory challenge. Because we do not think defense counsel preserved this point below, we affirm.
During voir dire in this case, the state attorney questioned and talked with many members of the venire, including the juror in question, Green. He inquired about Green’s job and responsibilities as a supervisor for UPS. Nothing remarkable occurred during that exchange.
When the public defender took his turn at voir dire, he told the venire that his client would probably testify at trial. However, he told them that Suggs had prior criminal convictions. He asked what effect that information would have on the prospective jurors’ thinking.
To juror Green, defense counsel directed the following question: “Will that make you judge his testimony?” Green replied, “Make me listen more intently to the actual evidence in this case.” To another member of the venire (White), he posed the same question. White said, "I’d just listen to the facts.” White was not later struck by a peremptory challenge, but it is also clear from the record that he was not ever seated as a prospective juror.
After the venire was excused, the process of selecting the jury commenced. Neither side challenged any prospective juror for cause. Both initially accepted Green as juror number one. The public defender exercised three peremptory challenges against jurors number three, four and eight. Both accepted juror number nine. At that point, the state attorney back-struck Green. Both accepted juror number ten.
Then, defense counsel objected. He said, “Your Honor, we’d ask that the State give reasons why Mr. Green was struck, the only black juror we’ve gone through?” The prosecutor argued that the public defender had not made a sufficient showing to require him to explain his reasons for striking Green. However, the judge pressed him to state his reasons.
The prosecutor admitted he did not have a reason he could fully express. He said he had a “bad feeling” about Green, which stemmed from his response to Jewett’s question at voir dire concerning Sugg’s prior criminal record. “He said I’m going to have to look at the evidence a little bit more carefully.... That’s the response I didn’t like.”
The prosecutor refused to admit the peremptory challenge was exercised for an improper reason — racial bias. He pointed out that Green was the only black juror he had struck. There were still other blacks *8 left on the venire. And defense counsel had also exercised a peremptory challenge against another black (Ms. Morter) who had been called to sit on the jury panel. The public defender explained his reasons for striking Morter, but he had no further basis to attack the state’s peremptory against Green.
After hearing argument and considering the conduct of the trial up to that point by both attorneys, the trial judge ruled that he did not think there was a pattern of racial discrimination at this trial by either side. Further, he determined that the state’s challenge of Green (in particular) was not based on a racial or other improper motive. He said, “When you start striking based on race or religion or nationality or begin— that’s something else again. I don’t have any indication that is the case here. So I’m going to allow the strikes.”
The attorneys and the court then completed selecting the balance of the jurors for the panel. The court asked the attorneys whether the panel was acceptable. The prosecutor accepted the jury panel. Defense counsel said, “That’s acceptable, your Honor, other than our prior objection to the striking of number one.”
In Joiner v. State, 593 So.2d 554 (Fla. 5th DCA 1992), this court held that defense counsel failed to preserve his objection to the composition of the jury panel, in a similar situation. We said:
Neither the language used by the defense in calling the court’s attention to the possibility of racially motivated strikes nor his language expressing disagreement with the trial court's ruling rise to the level of a request that the trial judge obtain a different jury panel, continue the trial, or declare a mistrial. We believe that it takes stronger language to indicate to the trial court that a defendant does not wish to subject his case to that jury panel. It is not sufficient to accept the jury panel and then wait until receipt of an adverse judgment before asserting an objection.
In this case, as in Joiner, defense counsel did not move to strike the jury panel before the members were sworn. His expression of disagreement with the trial court’s determination after a Neil[1] inquiry was not sufficient to preserve this issue for appeal.
AFFIRMED.
DAUKSCH and DIAMANTIS, JJ., concur.

. See State v. Neil, 457 So.2d 481 (Fla.1984).