606 So.2d 742 (1992)
Don Curtis BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3761.
District Court of Appeal of Florida, First District.
October 22, 1992.
Jefferson W. Morrow, of David, Morrow & Block, P.A., Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Don Curtis Brown has appealed his conviction of attempted first-degree murder, armed robbery and attempted armed robbery. He alleges that he is entitled to a new trial based on the improper use by the state of a peremptory challenge to exclude a black juror. We affirm, but pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, certify a question as of great public importance.
Brown pled not guilty to the foregoing offenses. During jury selection, venireman Kyle, who was black, told the judge and the prosecutor that she was a "counseling professor" at the local community college doing "vocational, athletic, professional" counselling. The judge thereafter presented each venireman by name. The state accepted a black male juror, but peremptorily challenged a black female juror without defense objection. Ms. Kyle was presented after an interval of several more veniremen, and the state peremptorily struck her. The defense requested an inquiry pursuant to State v. Neil, 457 So.2d 481 (Fla. 1984), pointing out that 1) Kyle *743 was black, and 2) the second black stricken by the state. Upon request by the judge, the state explained that
the reason for selecting the challenge on her is her occupation. She's a mental health counselor, and she's also a professor of psychology. I specifically questioned her as to her occupation. That part of her counselling deals with vocational training and that type of training I typically make it my practice not the [sic] seat psychology majors or mental health counselors as jurors, because I feel they have an undue sympathy toward a defendant, perhaps tend to believe it's a society problem and not a defendant problem for the crime that's committed, and so that's why I challenge her, for that particular reason.
The defense further objected that this was not a "significant enough problem" to warrant a peremptory challenge, but the court ruled, "I'll find that the reasons are supported by her answers given in response to the questions, that they are reasonable[,] race neutral and non-pretextural." Jury selection proceeded and both sides accepted the jury as ultimately constituted, without further objection or motion to strike the panel.
Brown perfunctorily argues that he is entitled to a new trial in that Kyle was stricken based on her race. The state cites Suggs v. State, 603 So.2d 6 (Fla. 5th DCA 1992), in which the state back-struck a black juror whom it had initially accepted. In response to a Neil inquiry, the prosecutor explained that he "had a bad feeling" about the juror's response to a question on Suggs' prior record. The court accepted the explanation and, after completion of jury selection, asked the attorneys if the panel was acceptable. Defense counsel responded, "That's acceptable, Your Honor, other than our prior objection to the striking of [the subject juror]." The Suggs court found this "expression of disagreement with the trial court's determination after ... inquiry was not sufficient to preserve this issue for appeal." Suggs at 8 citing Joiner v. State, 593 So.2d 554 (Fla. 5th DCA 1992).
In Joiner, defense counsel objected to the striking of a black juror on the ground that "at least two of the strikes the state has made are black." The prosecutor explained that he "would like to constitute the jury with some people down the line I prefer more, and including another juror. I think they're more preferable to the state's case than [the subject juror] is." The trial judge ruled that the strike was racially neutral, and the defense disagreed that the state's reason was valid. Voir dire continued, the jury was accepted by both parties without further objection or motion to strike the panel, and Joiner was found guilty.
The court held that Joiner failed to preserve for appeal his objection to the composition of the jury panel. It found that
neither the language used by the defense in calling the court's attention to the possibility of racially motivated strikes nor his language expressing disagreement with the trial court's ruling rise to the level of a request that the trial judge obtain a different jury panel, continue the trial, or declare a mistrial. We believe that it takes stronger language to indicate to the trial court that a defendant does not wish to subject his case to that jury panel. It is not sufficient to accept the jury panel and then wait until receipt of an adverse judgment before asserting an objection.
* * * * * *
We believe that a party must do more than request [an] inquiry and voice disagreement with an opponent's explanation. If a party is dissatisfied with a jury panel after hearing an explanation elicited through [the] inquiry, some remedy should be requested of the trial court. For example, the defense in the instant case should have moved to strike the jury panel at some time during the jury selection process but before the jury was sworn at the latest. The defense did not do this; on the contrary, at the end of the jury selection, the defense stated that the jury was acceptable. Further, no mention of the jury selection was made in the motions for acquittal during the *744 trial, and it was only after receiving the adverse verdict and judgment that the issue was again raised in a motion for acquittal or new trial.
The initiation of a[n] inquiry and a dissatisfaction with the opponent's answer does not necessarily mean that the one who initiates the inquiry wishes to terminate a trial or request that the jury panel be stricken. The inquiry can be initiated to forewarn an opponent that caution should be exercised in exercising peremptory challenges without racially neutral reasons. Also, the party initiating the inquiry may ultimately decide that the panel finally selected is acceptable. The trial court should not assume that a party wishes to have a panel stricken simply because an inquiry is requested. An affirmative action of a trial court must be clearly requested by a party before inaction can be assigned as error.
Joiner at 556.
Joiner is factually on all-fours with the instant case. Here, defense counsel objected on the similar ground that venireman Kyle was the second black struck by the state, and similarly did no more after the trial court accepted the prosecutor's explanation than disagree with its validity. Defense counsel thereafter affirmatively accepted the jury as ultimately constituted, and it was sworn without further objection or motion to strike. As in Joiner, there was no mention of jury selection in the motions for acquittal made during the trial, and it was only after receiving the adverse verdict and judgment that the issue was again raised in a motion for new trial.
Based on the holding in Joiner, we find that Brown therefore failed to preserve for appeal his objection to the composition of the jury panel, and affirm the judgment of conviction. However, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as of great public importance:
Does a defendant fail to preserve for appeal his objection to the composition of a jury panel when, after hearing an explanation elicited through a Neil inquiry, he expresses disagreement with the explanation but nevertheless accepts the jury panel as ultimately constituted, and does not again raise the issue until after an adverse verdict and judgment has been received?
WOLF and KAHN, JJ., concur.