PER CURIAM.
This is an appeal by the defendant Lawrence Chambers from judgments of conviction and sentences for attempted robbery with a firearm, [§§ 812.13(2)(a), 777.04(1), (4)(b), Fla.Stat. (1991) ] and aggravated battery with a deadly weapon [§ 784.-045(l)(a)(2), Fla.Stat. (1991)]. We affirm the judgments of conviction, but reverse the sentences imposed and remand for re-sentencing.
First, the two points raised on appeal relating to the jury selection and cross examination of the defendant have no merit, as they have not been adequately preserved for appellate review and do not otherwise rise to the level of fundamental error. See, e.g., Joiner v. State, 618 So.2d 174 (Fla.1993); Brown v. State, 606 So.2d 742 (Fla. 1st DCA 1992), rev. granted, 617 So.2d 318 (Fla.1993); Suggs v. State, 603 So.2d 6 (Fla. 5th DCA), juris, accepted, 613 So.2d 9 (Fla.1992); Holton v. State, 573 So.2d 284 (Fla.1990), cert. denied, — U.S. -, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); Lara v. State, 464 So.2d 1173 (Fla.1985); Simpson v. State, 418 So.2d 984 (Fla.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1004 (1983). Second, the seven-year concurrent sentences imposed in this case must, as the state concedes, be reversed because the maximum permitted sentence under the sentencing guidelines was four and one-half years imprisonment.
The final judgments of conviction under review are affirmed. The seven-year sentences under review are reversed, and the cause is remanded to the trial court with *1390 directions either (1) to impose sentences which do not exceed four and one-half years imprisonment, with appropriate credit given for time served, or (2) to impose sentences outside the permitted sentencing guidelines range, with appropriate credit for time served, provided proper reasons are given in writing for such departure.
Affirmed in part; reversed in remanded. part and