620 So.2d 1008 (1993)
Darrell MITCHELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 79838.
Supreme Court of Florida.
June 17, 1993.
*1009 James B. Gibson, Public Defender, and Paolo G. Annino and Anne Moorman Reeves, Asst. Public Defenders, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
We review Mitchell v. State, 595 So.2d 1120 (Fla. 5th DCA 1992), wherein the district court cited as controlling authority Joiner v. State, 593 So.2d 554 (Fla. 5th DCA 1992), which we accepted for review. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla. 1981).
Darrell Mitchell (Mitchell) was convicted of a third-degree felony in violation of section 817.563, Florida Statutes (1989). Mitchell argued before the district court that his conviction should be reversed because he had shown during voir dire that the State exercised its peremptory challenge against a prospective juror on the basis of race, in violation of State v. Neil, 457 So.2d 481 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986). The district court affirmed Mitchell's conviction and sentence per curiam without opinion, citing its opinion in Joiner, which held that the Neil issue had been waived.
We held in Joiner v. State, 618 So.2d 174 (Fla. 1993), that in order to preserve a Neil issue for review, it is necessary to call to the court's attention before the jury is sworn, by renewed motion or by accepting the jury subject to the earlier objection, the desire to preserve the issue. In the instant case, Mitchell accepted the jury subject to his earlier Neil objection.[1] Therefore, we quash the decision below and remand to the district court for resolution of the properly preserved Neil issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] At the end of jury selection, when asked if the jury was acceptable, defense counsel replied: "Yes, your Honor, subject to the objection that we made." The court responded: "I understand. That's fine."