PER CURIAM.
We review Suggs v. State, 603 So.2d 6 (Fla. 5th DCA1992), in which the district court held that Richard Suggs (Suggs) waived his Neil[1] challenge because he failed to move to strike the jury panel before the jury was sworn. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
We held in Joiner v. State, 618 So.2d 174 (Fla.1993), that moving to strike the jury panel is not the only way to preserve a Neil objection for review; accepting a jury subject to an earlier Neil objection is sufficient to preserve the issue of alleged racial bias in the exercise of peremptory challenges. Suggs accepted his jury subject to an earlier-made Neil objection.[2] Accordingly we quash the decision below and remand to the district court for resolution of the properly preserved Neil issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986).

. "The court asked the attorneys whether the panel was acceptable. The prosecutor accepted the jury panel. Defense counsel said, 'That’s acceptable, your Honor, other than our prior objection to the striking of [juror] number one [based on State v. Neil, 457 So.2d 481 (Fla.1984), clarified, State v. Castillo, 486 So.2d 565 (Fla.1986)].”' Suggs v. State, 603 So.2d 6, 8 (Fla. 5th DCA1992).