684 So.2d 214 (1996)
STATE of Florida, Petitioner,
v.
George TAPLIS, Respondent.
No. 96-2467.
District Court of Appeal of Florida, Fifth District.
November 15, 1996.
Rehearing Denied December 12, 1996.
*215 Steve Alexander, State Attorney, and Gary L. Wood, Assistant State Attorney, Palatka, Petitioner.
Michael W. Woodward of Keyser & Woodward, P.A., Interlachen, for Respondent.
HARRIS, Judge.
The primary issue in this case is whether one must show a probability (as opposed to a mere possibility) of tampering in order to exclude relevant physical evidence when there is a gap in the chain of custody. If so, a subsidiary issue remains as to whether the facts of this case reveal evidence of a probability of tampering. We hold that the burden of one attempting to bar otherwise relevant evidence is to show a likelihood of tampering (probability) and that the evidence in this case does not meet that test. We therefore grant certiorari and quash the trial court's order that bars the introduction of samples taken from the burned vehicle.
George Taplis had been driving his wife's vehicle when it was reported that the vehicle was on fire. When the Putnam County officials responded to the scene, the vehicle was almost completely destroyed by fire. A member of the Fire Service pried open the trunk to extinguish the fire. When the owner had failed to have the car removed from the street within three days, the County had the vehicle towed to the Palatka Auto Body lot. After paying the insurance claim and after obtaining the consent of the owner (Taplis' wife), the insurance company had the vehicle towed to a secure lot in Orlando. Fire investigators from Tampa were then employed to examine the vehicle in order to determine the cause of the fire. Photographs were taken and samples of fire debris were taken from inside the passenger compartment. These samples were sent to a private lab for analysis. As a result of these tests, Taplis was charged with burning to defraud an insurer.
Taplis moved to prevent the introduction of the evidence taken from the examination of the vehicle on the basis that the vehicle had not been properly preserved and therefore the results of the examination "may well be" the product of contamination or tampering; further, that by failing to properly preserve the vehicle, exculpatory evidence important to the defense may have been lost. The trial court, after taking testimony, granted the motion, stating:
Based on these findings, this Court concludes that there was an insufficient (if any) chain of custody to preserve the condition and integrity of the swath and belt for evidentiary purposes. The risk of contamination/tampering (intentional or unintentional) renders the admission an intolerable risk of prejudice.
It is evident from the above, and from other statements in the record, that the trial court was of the opinion that the mere possibility of contamination or tampering was sufficient to bar the introduction of the evidence. This belief may have been based on *216 dictum in Dodd v. State, 537 So.2d 626, 627-628 (Fla. 3d DCA 1988), in which the court stated: "Notwithstanding the testimony on redirect, a mere reasonable possibility of tampering is sufficient to require proof of the chain of custody." We believe that this statement is dictum because under the facts of Dodd, there was a probability of either mistake or tampering. In Dodd, the issue was the quantity of cocaine. A container and its contents weighing a combined 317.5 grams went to the lab where a contraband scale registered a combined weight of only 249.5 grams. The Dodd court observed that the "gross discrepancies" in the weight indicated "probable tampering." Id. at 628. We do not have that situation before us.
It is true that the vehicle was left unattended at the scene of the fire for three days. It was then towed to a secure lot and later towed to another secure lot. It is also true, even in these secure lots, that the public had access to the vehicle at least during business hours. But there is no indication in the record that tampering "probably" happened. The Fire Service officer who assisted in putting out the fire, two deputy sheriffs, employees of the secure lots, and the fire investigator all testified at the hearing on the motion and their testimony suggests that no material changes occurred to the vehicle prior to obtaining the samples.
Taplis urges that the fact that water was sprayed on the vehicle, that the vehicle had been twice towed along the highway, and that the interior had been exposed to the weather for some time are themselves sufficient to create a probability of contamination. Under the facts of this case, we think not. The fire investigator testified that the heat of the ignited gasoline in the passenger compartment caused the top of the carpet to melt which sealed unburned gasoline in the padding underneath. It is difficult to conceive how the movement of the vehicle or the vehicle's exposure to the elements could affect the analysis of the padding. And even if gasoline were somehow brought into the passenger compartment by the water used to extinguish the fire, how it got under the sealed carpet is unexplained.
While the weight that the jury should give this evidence because of the matters raised by defense is certainly subject to argument, the evidence should not be ruled inadmissable merely because there is a possibility that tampering might have occurred. See Peek v. State, 395 So.2d 492 (Fla.1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981).
Certiorari granted and order granting the second motion in limine is quashed.
COBB and GRIFFIN, JJ., concur.