703 So.2d 453 (1997)
George TAPLIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 89721.
Supreme Court of Florida.
December 18, 1997.
*454 Michael W. Woodward of Keyser & Woodward, P.A., Interlachen, for Petitioner.
Robert A. Butterworth, Attorney General and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
We accepted jurisdiction to review State v. Taplis, 684 So.2d 214 (Fla. 5th DCA 1996), based on alleged express and direct conflict with Dodd v. State, 537 So.2d 626 (Fla. 3d DCA 1988). Upon closer examination, however, we find that there is no conflict jurisdiction, and that therefore review was improvidently granted.
The district court in Taplis held that a party attempting to exclude otherwise relevant evidence must show a likelihood or probability of tampering. 684 So.2d at 215. In so holding, the court found the evidence admissible since the record did not establish that tampering had probably occurred. Id. at 216. Likewise, the district court in Dodd recognized that "[r]elevant physical evidence is admissible unless there is some indication of probable tampering with the evidence." 537 So.2d at 627 (emphasis added). In Dodd, the court applied that rule and held that probable tampering was established by virtue of conflicting descriptions of the evidence and gross discrepancies in the weight and packaging details of the evidence. Id. at 628.
The petitioner's attempt to establish conflict arises out of a confusing and misplaced sentence in Dodd that "a mere reasonable possibility of tampering is sufficient to require proof of the chain of custody" before admitting the evidence. Id. at 628. A fair reading of Dodd indicates that the district court was concerned about the State's failure to account for a gap in the chain of custody which, when considered together with the other evidence of tampering, supported a conclusion of probable tampering. As petitioner concedes, the Dodd court did not state or hold that "a mere reasonable possibility of tampering" would bar admission of the evidence. Rather, such language was used to emphasize that once evidence of tampering is produced, the proponent of the evidence is required to establish a proper chain of custody or submit other evidence that tampering did not occur. Id. at 628. Because we find no conflict exists between Taplis and Dodd, we decline jurisdiction. This review proceeding is therefore dismissed.
It is so ordered.
KOGAN, C.J., OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.