739 So.2d 125 (1999)
Fabio NIEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1999.
District Court of Appeal of Florida, Fifth District.
July 9, 1999.
Rehearing Denied August 17, 1999.
*126 Anthony Suarez of A. Suarez & Associates, P.A., Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Nieves appeals from his judgment and life sentence for first degree murder. We find the points raised on appeal have no merit, and accordingly we affirm.
Nieves first argues that the three firearms retrieved by the police from a washing machine located at a friend's apartment shortly after the shooting which resulted in the victim's death, should not have been admitted in evidence because of discrepancies on the three transmittal sheets concerning the number of cartridges contained in two boxes and the kind of magazine contained in the third. Standing alone, these discrepancies fail to establish any likelihood of tampering and no break in the chain of custody. A mere possibility of tampering is insufficient to bar the evidence presented. State v. Taplis, 684 So.2d 214 (Fla. 5th DCA 1996).
Further, the discrepancies do not apply to the weapons themselves. The serial numbers recorded when the weapons were processed matched those of the weapons submitted in evidence. The ownership or identity of the weapons was never an issue at trial. Defense counsel admitted that Nieves shot the victim. The only issue for the jury was whether the killing was premeditated or done in self-defense. Any confusion regarding the number of cartridges or the kind of magazine could not have affected the verdict. § 924.05, Fla. Stat.
Second, Nieves argues that Santspere, a prospective juror, should not have been the subject of a peremptory challenge by the state because both he and Nieves are Hispanic and the state failed to give race-neutral reasons for striking him.[1] The state responded that Santspere was challenged because he testified he carried a concealed weapon, that he had been in the military, and that he had been in fights. The trial judge accepted the state's explanation as race neutral. We find no abuse of discretion in this regard.[2]
However, whether or not the reasons given were sufficient, we do not think *127 Nieves preserved this Neil[3] issue for review. Defense counsel failed to renew his objection before the jury was sworn.[4] Prior to seating the jury, the court asked both attorneys whether they had any objection to seating the jurors. Both replied "no." After excusing the remainder of the panel, the court again asked whether either had a reason not to swear the jurors. Again both replied no. Compare Suggs v. State, 620 So.2d 1231 (Fla.1993) (issue preserved where defense counsel found jurors acceptable other than his prior Neil objection to the striking of one juror); Mitchell v. State, 620 So.2d 1008 (Fla.1993) (issue preserved where defense counsel found jury acceptable subject to Neil objection that he had made).
Lastly, Nieves argues that the trial court should have disallowed the testimony of a state witness because of a violation of the rule of sequestration. During its case, the state presented Greg Scala, a forensic firearm examiner with the Florida Department of Law Enforcement at the Orlando Regional Crime Laboratory. Scala was testifying when the court recessed at 5:30 p.m. Scala was to resume testifying the following day. The next morning defense counsel asked whether the prosecutor had discussed Scala's testimony with Scala in the interim. The prosecutor admitted he had asked Scala questions about the information and questions he was going to ask the following morning.
We do not think the rule of sequestration prohibits an attorney from talking with a witness about the testimony he or she will give in a future court appearance. Kingery v. State, 523 So.2d 1199 (Fla. 1st DCA 1988).[5]
Further, we do not think Nieves established prejudice on this ground. After defense counsel objected, the court asked whether he wanted to go into further detail. Defense counsel declined stating: "I just don't think it's appropriate to permit Mr. Scala to further testify...." Thus defense counsel was given the opportunity to question Scala and the prosecutor to determine specifically what had been discussed. Having declined, defense is unable to establish prejudice.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla.1984).
[2] Miller v. State, 605 So.2d 492 (Fla. 3d DCA 1992), rev. denied, 613 So.2d 7 (Fla.1993).
[3] State v. Neil, 457 So.2d 481 (Fla.1984).
[4] Suggs v. State, 620 So.2d 1231 (Fla.1993); Mitchell v. State, 620 So.2d 1008 (Fla.1993); Joiner v. State, 618 So.2d 174 (Fla.1993).
[5] Of course, some discussions could amount to a violation of the defendant's constitutional rights. See Stone v. State, 626 So.2d 295 (Fla. 5th DCA 1993) (procedure whereby prosecutor was given an opportunity to go over child witness' earlier testimony and statements with him after the child's ability to independently recall and recount his testimony was put in doubt by cross-examination may have adversely affected the right of the defendant to a full and fair cross-examination).