788 So.2d 308 (2001)
William DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1252.
District Court of Appeal of Florida, Fifth District.
May 11, 2001.
Rehearing Denied July 6, 2001.
*309 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Davis appeals from his judgment and sentence for trafficking in cocaine, following a jury trial. He makes two points on appeal: that the trial court erred in denying his motion to suppress evidence discovered as a result of an illegal traffic stop; and, that the court erred in admitting into evidence the cocaine seized as a result of the stop because the expert could not identify it and the state failed to establish a sufficient chain of custody. We affirm.
With regard to the first point, it does not appear to have been preserved. Davis failed to raise any objection to the admission of the cocaine seized as a result of the traffic stop grounded on the illegality of the traffic stop, although that issue was fully argued and presented at the hearing on his motion to suppress, in advance of the trial. See Davis v. State, 728 So.2d 341 (Fla. 1st DCA 1999).
However, even had it been preserved, there was no error. The two deputies who stopped the car in which Davis was a passenger, testified the reason they did so was because the driver's window had excessively dark tinted windows. The driver was issued a traffic citation for that offense.[1] It was during that encounter one of the deputies saw an object stuffed inside Davis' pants. When Davis stepped out of the car, the object was gone. The deputy then searched the vehicle pursuant to the driver's consent. He discovered the bag under the passenger seat, containing eleven individual bags filled with what appeared to be cocaine, which led to Davis' arrest.
The defense argued that the stop was unlawful because the officers lacked a basis to have a reasonable suspicion that the car windows were illegally tinted. The officers testified that the day they stopped the car it was clear and sunny, and the driver's window appeared significantly darker than the windshield. Both deputies thought the window was too dark. They could not see anything inside through the window. Deputy Casey estimated he has stopped between 100 to 200 cars for illegally tinted windows. He uses a tint meter to actually determine whether the tint meets the statutory requirements. Only once was he mistaken and the tint turned out to be legal. After the stop, the tint meter in this case showed the window had a light transmittance of only 16%, well below the allowable limit.
Police officers may stop a person to investigate possible criminal behavior even though there is no probable cause to justify an arrest, as long as the officer has a reasonable suspicion that a person is or has engaged in criminal activity.[2] All that is required for a valid vehicle stop is a founded suspicion by the officer that the driver of the car, or the vehicle itself, is in violation of a traffic ordinance or statute. State v. Ramos, 755 So.2d 836 (Fla. 5th DCA 2000).
The tampering or lack of chain of custody argument in this case was based *310 on the fact that the cocaine admitted at trial was in one bag, and no longer in the eleven individual bags. The expert witness for the state, chemist Strandberg, testified she analyzed the contents of eleven bags, which contained cocaine. Deputy Casey was then recalled to clarify that after the evidence was returned from the Florida Department of Law Enforcement, he realized he needed to have a fingerprint analysis done on the individual eleven bags. He then opened the bags and poured the cocaine into one bag so the eleven could be tested. That was the bag produced in court.
To bar the introduction of otherwise relevant evidence due to a gap in the chain of custody, a defendant must show there was a probability of tampering with the evidence. A mere possibility of tampering is insufficient. Nieves v. State, 739 So.2d 125 (Fla. 5th DCA 1999); Jordan v. State, 707 So.2d 816 (Fla. 5th DCA), approved on other grounds, 720 So.2d 1077 (Fla.1998); State v. Taplis, 684 So.2d 214 (Fla. 5th DCA 1996), rev. dismissed, 703 So.2d 453 (Fla.1997).[3]
Deputy Casey's explanation dispelled any clam of tampering with the evidence and it was properly admitted. See Creme v. State, 752 So.2d 1238 (Fla. 3d DCA 2000).
AFFIRMED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] § 316.2956, Fla.Stat.
[2] J.L. v. State, 727 So.2d 204 (Fla.1998), affirmed, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000); McMaster v. State, 780 So.2d 1026 (Fla. 5th DCA 2001); State v. Ramos, 755 So.2d 836 (Fla. 5th DCA 2000).
[3] In support of his argument, Davis relies primarily on Dodd v. State, 537 So.2d 626 (Fla. 3d DCA 1988). In Dodd, the third district held that a reasonable possibility of tampering is sufficient to require proof of the chain of custody. In that case, the cocaine initially weighed about 317 grams. However, when the cocaine arrived at the Florida Department of Law Enforcement Office, it weighed only about 250 grams. Because there clearly was a probability of either mistake or tampering, this court considered Dodd's statement that a mere possibility of tampering is sufficient to be dictum. Taplis.