KLEIN, J.
Appellant was convicted of armed sexual battery and burglary of a dwelling with battery, based on DNA evidence. He argues that the court erred in admitting the evidence because the state did not establish a chain of custody. We affirm.
The officer who took the DNA sample from appellant testified that he had collected two DNA swabs, one from the left side of appellant’s mouth and one from the right side. The evidence was attached to a property receipt containing appellant’s name. After the DNA was tested, the evidence was attached to a 3 x 5 index card on which the name was Ernest Beh-rens rather than Ernesto Behrens. This was the first ground of appellant’s objection.
The second ground involved confusion as to whether there were two or four swabs of DNA. The explanation for this discrepancy was that detectives sometimes refer to swab packets as one, not realizing there are two swab samples in one packet.
Appellant recognizes that this evidence is admissible unless a probability of tampering is established. State v. Taplis, 684 So.2d 214 (Fla. 5th DCA 1996). We conclude that the discrepancies in the name and whether there were two or four swabs do not show that there was a probability of tampering. The trial court therefore properly admitted the evidence, leaving the weight accorded the evidence to be determined by the jury. Gavin v. Promo Brands USA, Inc., 578 So.2d 518 (Fla. 4th DCA 1991). Nor did the court err in denying the motion for judgment of acquittal. Affirmed.
FARMER and STEVENSON, JJ„ concur.