# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1876
Lower Tribunal No. CF19-010172-XX

_____

FRANCISCO REYNA-DURAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Polk County.
Catherine L. Combee, Judge.

December 20, 2024

LAMBERT, B.D., Associate Judge.

Francisco Reyna-Duran appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief in which he raised three grounds.[1]  We affirm the denial of grounds one and three.  *See Sanchez-Llamas v. Oregon*, 548 U.S. 331 (2006).  For the following reasons, we reverse the denial of ground two of Reyna-Duran's motion and remand for further proceedings.

_____

[1] We have jurisdiction.  *See* Fla. R. App. P. 9.030(b)(1)(A), 9.140(b)(1)(D).

BACKGROUND

Reyna-Duran entered into a negotiated plea agreement with the State in which he agreed to plead no contest to the crime of trafficking in heroin, fourteen grams or more, but less than twenty-eight grams, in exchange for a fifteen-year prison sentence. As part of this plea agreement, the State agreed to file a nolle prosequi on the other two counts in the information that charged Reyna-Duran with conspiracy to traffic in heroin and possession of drug paraphernalia. The trial court accepted Reyna-Duran's plea and imposed the negotiated sentence. Reyna-Duran did not appeal his judgment and sentence.

In ground two of his timely-filed operative rule 3.850 motion for postconviction relief, Reyna-Duran alleged that his counsel was ineffective for failing to file a pretrial motion to suppress the heroin evidence confiscated from him by law enforcement. Reyna-Duran averred that based on the significant difference in both the aggregate weight of the heroin and the condition of packages containing the heroin when first seized by the investigating detective to when the heroin was later turned over by the detective to the Property Evidence Unit of the Sheriff's Office, this evidence would have been inadmissible at trial based on an insufficient chain of custody. *See Dodd v. State*, 537 So. 2d 626 (Fla. 3d DCA 1988) (reversing a defendant's conviction and sentence for trafficking and conspiracy to traffic in cocaine where a sixty-eight gram difference in the weight of cocaine and

2

discrepancies in packaging indicated probable tampering with the evidence such that the trial court erred in admitting the cocaine into evidence without first receiving testimony from the witness who delivered the cocaine to the FDLE crime lab explaining the change in the condition of the evidence from the time of seizure to trial).

Reyna-Duran attached to his motion copies of reports, apparently prepared by the investigating detective, that showed an approximately seventy-gram difference in the aggregate weights of the heroin between the time of arrest and being turned over to the Property Evidence Unit. He also attached copies of photographs purportedly evidencing the alleged tampered condition of the packaging described in his motion.

In summarily denying this ground of the motion, the postconviction court determined that these attached exhibits were comprised of "non-record" documents and that Reyna-Duran had not dispelled the possibility of a scrivener's error in the detective's reports regarding the discrepancy in the recorded weights of the heroin. The court thus concluded that Reyna-Duran had failed to show that a motion to suppress the heroin evidence based on an improper chain of custody was viable and, resultingly, that counsel could not be deemed ineffective for failing to file a motion that would not have been granted.

ANALYSIS

Because the postconviction court summarily denied ground two of Reyna-Duran's motion for postconviction relief, we apply the de novo standard of review; and we "must accept the movant's factual allegations as true to the extent that they are not refuted by the record." *Martin v. State*, 205 So. 3d 811, 812 (Fla. 2d DCA 2016) (quoting *Jennings v. State*, 123 So. 3d 1101, 1121 (Fla. 2013)).

Under Florida Rule of Criminal Procedure 3.850(f)(5), a legally sufficient motion may be denied without a hearing, provided the motion can be conclusively resolved by the court either as a matter of law or by reliance upon the records in the case. This subsection of the rule further, and unambiguously, states that if the court's denial is based on the records in the case, those records conclusively showing that the defendant is entitled to no relief shall be attached to the final order. *See also Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000) ("[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." (citations omitted)). As an initial matter, the postconviction court did not find ground two of Reyna-Duran's motion to be legally insufficient, nor did it deny this claim as a matter of law.

A postconviction claim, such as the one raised by Reyna-Duran subsequent to his no contest plea, that trial counsel was ineffective in this context for failing to file

4

a motion to suppress evidence is cognizable under rule 3.850. *Guzman-Aviles v. State*, 226 So. 3d 339, 342 (Fla. 5th DCA 2017) ("A trial attorney's failure to investigate a factual defense or a defense relying on the suppression of evidence, which results in the entry of an ill-advised plea of guilty, has long been held to constitute a facially sufficient attack upon the conviction." (quoting *MacKinnon v. State*, 39 So. 3d 537, 538 (Fla. 5th DCA 2010))). In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court set forth a two-prong test for evaluating claims of ineffective assistance of trial counsel in the context of guilty pleas. The Court stated that the first prong of the test is the same deficiency of counsel performance prong established by the Court the preceding year in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill*, 474 U.S. at 58. The Court then explained that the second prong of the test requires that a defendant show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

The Florida Supreme Court provided later guidance in how to apply the two-prong standard from *Hill*. In *Grosvenor v. State*, 874 So. 2d 1176, 1181 (Fla. 2004), the Court explained that when addressing a defendant's claim that counsel rendered ineffective assistance in the context of a plea, a court must evaluate the totality of the circumstances. More particularly:

> [I]n determining whether a reasonable probability exists
> that the defendant would have insisted on going to trial, a

5

court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial. As the Supreme Court emphasized in *Hill*, these predictions "should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" 474 U.S. at 59–60, 106 S. Ct. 366 (quoting *Strickland*, 466 U.S. at 695, 104 S. Ct. 2052).

*Id.* at 1181–82.

Here, the postconviction court's denial order did not undertake a *Grosvenor* totality of the circumstances analysis. Additionally, and contrary to the requirement of rule 3.850(f)(5), no record documents were attached to the order to conclusively show there was no reasonable probability that Reyna-Duran would not have tendered his plea and instead insisted on going to trial. For example, a copy of the parties' plea agreement was not attached, nor was the transcript from the plea colloquy that may have provided an indication of the circumstances surrounding the plea, such as discussions about the possible merit of any motion to suppress, the State's willingness to extend a plea offer if such a motion were filed, or Reyna-Duran's express waiver of this defense. If attached to the denial order, one or both of these documents may have readily and conclusively refuted ground two of the motion, regardless of Reyna-Duran's sworn assertion of trial counsel's ineffectiveness on

6

this issue.[2]

Accordingly, we reverse the summary denial of ground two of Reyna-Duran's motion and remand for the postconviction court either to attach records to its order that conclusively refute this claim or to hold an evidentiary hearing.

AFFIRMED, in part; REVERSED, in part; REMANDED for further proceedings.

STARGEL and SMITH, JJ., concur.

Francisco Reyna-Duran, Bushnell, pro se.

Ashley Moody, Attorney General, Tallahassee, and James A. Hellickson and Cerese Crawford Taylor, Assistant Attorneys General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2] To be clear, we take no position on the merits, if any, of ground two of Reyna-Duran's motion.